729 F.2d 988
 4 Soc.Sec.Rep.Ser. 284, Unempl.Ins.Rep. CCH 15,215
Nellie STANLEY, Appellant,
v.
Richard SCHWEIKER, Secretary of the United States Department
of Health and Human Services, Appellee.
 No. 83-1473.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 8, 1983.
Decided March 22, 1984.
 
 Jeffrey L. Bishop, Charlotte, N.C. (Casey, Bishop, Alexander & Murphy, P.A., Charlotte, N.C., on brief), for appellant.
 Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Nellie Stanley appeals from a judgment of the district court affirming the denial of disability benefits by the Secretary of Health and Human Services and refusing to remand to the Secretary to consider new evidence. We reverse and remand for Stanley's claim to be reconsidered by the Secretary at further proceedings consistent with this opinion.
 
 
 2
 * Stanley filed an application for benefits on January 5, 1981, alleging disability due to cancer of the vocal cord and surgery on a broken ankle. The application was denied, and Stanley requested a hearing. The administrative law judge concluded that the "preponderance of the credible evidence" indicated that Stanley could return to her former work as a waitress. The Secretary, through the appeals council, denied her request for review.
 
 
 3
 Stanley sought judicial review of this decision pursuant to 42 U.S.C. Sec. 405(g) (1983). She also moved to remand the case for consideration of medical evidence obtained since the hearing. The district court held that substantial evidence supported the Secretary's decision and denied Stanley's motion to remand because the new evidence represented a new claim of disability requiring a new application.
 
 II
 
 4
 Stanley was 52 years old on the alleged onset date of disability and had worked as a waitress for 15 years. In May 1980, her right vocal cord was removed due to cancer. As evidence of this disability, Stanley presented a medical report from Dr. Stanley S. Burns, Jr., who treated her cancer from April until July 1980. He wrote that after the operation her larynx was healing, though he did have to treat her for a tissue obstruction of her airway that resulted from surgery. Dr. Burns also noted that Stanley experienced vocal strain but otherwise recovered well from the surgery. His report of her last visit to his office in July 1980 indicated that her voice was better, and although the tissue still obstructed her airway, it had improved and the swelling had decreased.
 
 
 5
 Stanley also introduced a letter, dated September 8, 1981, from Dr. Burns to her attorney, in which the doctor stated that Stanley had an impairment of her throat and voice and consequently had a limited tolerance for working in noisy and dusty conditions. He added that in July 1980, she told him that she had returned to work and was getting along well.
 
 
 6
 As additional support for her claim, Stanley presented a written statement from her former employer stating that because of her voice and injured ankle "there is no way she could come back to work for me." He also stated that because of her condition, he did not see how she could work for any restaurant. Finally, Stanley introduced a report dated December 12, 1980, from an eligibility specialist with the North Carolina Department of Human Resources which noted that her "speech was difficult to understand because her voice level was very low, almost like a whisper." She also presented a reconsideration disability report dated March 2, 1981, on which the Social Security Administration employee who took the information noted that her voice was hoarse and she seemed to get tired trying to talk.
 
 
 7
 Stanley testified that she had trouble breathing because of her vocal cord removal and that she became hoarse and tired when she had to talk for any extended period of time. She testified that after her vocal cord was removed, she tried to work on a part-time basis, two to three hours a day, for several months. Customers could not understand her and complained to the owner that they did not want her to wait on them.
 
 
 8
 As medical evidence of disability due to her injured ankle, Stanley presented a medical report showing that in November 1980 she was admitted to the emergency room at Charlotte Memorial Hospital for a fractured ankle. She underwent surgery to repair the ankle and was hospitalized for a week. Dr. Cecil J. Milton, who operated on Stanley and treated her postoperatively, submitted a report that her foot appeared to heal well, and although there was some swelling, she did not complain of pain. He stated that her prognosis was good and she should be able to return to work in about three months.
 
 
 9
 Stanley testified at the hearing that her ankle caused her pain at night and in rainy weather. She also explained that Dr. Milton's notes did not reflect this because her ankle did not start causing her pain until after her last appointment with him on February 16, 1981. Her testimony and other evidence showed that she stopped seeing Dr. Milton because she could not afford his services.
 
 III
 
 10
 The standard of review in social security disability cases is whether substantial evidence supports the Secretary's determination. Frady v. Harris, 646 F.2d 143, 144 (4th Cir.1981). Upon hearing the arguments of the parties and reviewing the briefs and the record, we conclude that substantial evidence does not support the ALJ's decision that Stanley can return to her prior employment as a waitress.
 
 
 11
 In denying the claim, the ALJ relied in part on his observation that at the hearing he could understand Stanley's speech without difficulty and on Dr. Burns's records which indicated that at the last time he saw Stanley, in July 1980, she was having no particular difficulties with her work.
 
 
 12
 There is uncontroverted evidence, however, that Stanley was working only part time and her voice caused her to quit. Stanley's testimony at the hearing and her comments on various disability forms show that when she returned to work after her surgery, customers could not understand her and complained to her employer. Moreover, Stanley's former employer submitted a written statement saying that she could no longer work as a waitress in his restaurant, and in his opinion in any restaurant, because of her voice and ankle. The ALJ did not mention this evidence in his decision. Finally, Dr. Burns's letter to Stanley's attorney stating that her voice is an impairment and limits her tolerance for working in noisy and dusty conditions supports her testimony that she cannot work as a waitress.
 
 
 13
 We therefore conclude that Stanley presented substantial evidence, which has not been contradicted, showing that her vocal impairment prevented her from returning to her former work as a waitress. Under the regulations, once the claimant makes this showing, the burden shifts to the Secretary to show that the claimant is able to perform other substantial gainful activity. See 20 C.F.R. Sec. 404.1520 (1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir.1981).
 
 
 14
 Accordingly, we reverse the judgment of the district court and direct that the case be remanded to the Secretary. On remand the Secretary should consider the new evidence presented to the district court, as this may be relevant to the determination of her disability. See King v. Califano, 599 F.2d 597 (4th Cir.1979). Additionally, because Stanley has demonstrated the presence of a nonexertional impairment, the ALJ should consider expert vocational testimony to determine whether her combination of exertional and nonexertional impairments prevents her from doing any other substantial gainful activity. Grant v. Schweiker, 699 F.2d 189 (4th Cir.1983).