Lucy A. PRATT, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Lilia M. WEATHERS, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Gertrude MACKEY, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Jessie PRUE, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Annice V. FITZGERALD, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

Civ. A. Nos. 83–3508, 84–3035, 84–3335, 84–3870 and 85–0289.

United States District Court, District of Columbia.

March 10, 1986.

Stephen J. Del Giudice, Community Legal Clinic, Washington, D.C. (Thomas Mack, Antioch School of Law, Washington, D.C., of counsel), for plaintiffs Prue and Fitzgerald.

G. William Scott, Antioch School of Law, Washington, D.C., for plaintiff Weathers.

Joan A. McCarthy, Sutherland, Asbill & Brennan, Washington, D.C., for plaintiff Mackey.

William O'Malley, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiffs in these consolidated cases are all unsuccessful applicants for disability benefits under Title II and/or Title XVI of the Social Security Act (the "Act").[1] Each plaintiff has been denied benefits on the ground that her infirmities are not so incapacitating as to prevent her from working, and plaintiffs collectively challenge the validity of the regulations,[2] and Social Securi-

---

1. These five related cases were consolidated by orders dated December 14, 1984, December 21, 1984, and January 29, 1985, for the limited purpose of determining cross-motions for partial summary judgment on the common questions of law, and plaintiff's motion for class certification in *Weathers*. Plaintiffs all seek reversal of defendant's decisions denying their own claims for disability benefits. Plaintiff in *Weathers* requests, in a separate motion, declaratory and injunctive relief against defendant on behalf of all District of Columbia residents whose benefits were, or will be, denied or terminated on the basis of the same regulations and policies. Finally, plaintiff in *Pratt* seeks reconsideration of this Court's Order of November 2, 1984, affirming the denial of benefits to her as being justified under the regulations here placed in issue.

2. 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1521, 416.921, 404.1522, 416.922 (1985).

ty Rulings ("SSRs"),[3] upon which their claims were denied as being contrary to the Act.

Defendant is the Secretary of the Department of Health and Human Services ("HHS"), who administers the Old-Age and Survivors Disability Insurance ("OASDI") and Supplemental Security Income ("SSI") programs through the Social Security Administration ("SSA"), and is the official responsible for the promulgation of regulations and rulings and interpreting and implementing the Act.

Presently before the Court are plaintiffs' several motions for partial summary judgment declaring the Secretary's regulations, and the way in which she has applied them, to be invalid, and enjoining her from so applying them hereafter both to them and, in the *Weathers* case, to others similarly situated. The Secretary has filed a cross-motion for partial summary judgment in defense of the regulations and the way in which they have been and are now being applied. The issues at this stage are, thus, exclusively matters of law. For the reasons set forth herein, plaintiffs' several motions will be granted, and the Secretary's cross-motion for summary judgment will be denied.

I.

In each of these cases a plaintiff applied for and was denied disability benefits for the reason that her individual "impairments" were not considered by the Secretary to be "severe" under 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.-921, (hereinafter "the regulation")[4] and the interpretive rulings, SSRs 82–55 and 82–56.

Plaintiffs contend that the regulations and rulings, which permitted the denial of their claims without consideration of either vocational factors peculiar to them or the combined effect of the two or more impairments with which each is afflicted, are inconsistent with the statutory definition of "disability" declared by Congress as entitling one to benefits.[5]

The OASDI and SSI programs contemplate the payment of benefits to disabled persons, and, for purposes of both programs, a person is considered disabled if he or she is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1982). The Act continues to recite that an individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A) (1982 & Supp.I. 1984), 42 U.S.C. § 1382c(a)(3)(B) (1982). The Secretary is authorized to establish rules and regulations, consistent with the Act, governing the determination of disability claims. 42 U.S.C. §§ 405(a), 1383(d)(1) (1982).

---

**3.** SSR 82–55 and 82–56 (1982).

**4.** Sections 404.1520(c) and 416.920(c) and sections 404.1521 and 416.921 are identical. For the sake of simplicity, they will be referred to as "the regulation." Similarly, 42 U.S.C. §§ 423(d)(1)(A) and (2)(A) (1982 & Supp.I.1984) and 1382c(a)(3)(A) and (B) (1982) are identical and will be referred to as "the Act."

**5.** This issue was presented in a similar case, *Bailey v. Heckler,* No. 83–1979, slip op. at 1, 3 (D.Pa. Dec. 3, 1985). There, the court granted plaintiff's motion for certification, defining the

class in part as "[a]ll persons in Region III who have been denied [disability benefits]...." *Id.* at 1. Region III, as defined by the Department of Health and Human Services, includes the District of Columbia. By order of July 31, 1985, the class was modified to exclude all class members residing in the District of Columbia because of the pendency of this action.

The *Bailey* court granted the plaintiff class's motion for summary judgment and held the challenged regulation invalid, stating that the case was controlled by the Third Circuit's decision in *Baeder v. Heckler,* 768 F.2d 547 (3d Cir.1985).

Prior to 1978, the pertinent regulation set forth in a general manner those factors to be considered in determining whether a "disability" existed. Specifically, under the predecessor regulation to that in issue, disability was to be determined

> from all of the facts of [a] case. Primary consideration is given to the severity of the individual's impairment. Consideration is also given to such other factors as the individual's age, education, and work experience. Medical considerations alone can justify a finding that the individual is not under a disability where the only impairment is a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or a combination of slight abnormalities. On the other hand, medical considerations alone ... can, except where other evidence rebuts a finding of "disability" ... justify a finding that the individual is under a disability where his impairment ... is listed in the appendix to this subpart....

20 C.F.R. § 404.1502(a) (1977). In 1978, the Secretary revised the regulation to establish a controversial five-step sequential review of disability claims, 20 C.F.R. §§ 404.1503, 416.903 (1979), under which, if a claimant is found not to be disabled at any successive step of the sequence, the analysis ends and the claim will be denied. *See* §§ 404.1520(a), 416.920(a) (1985). The process, as recently described in *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984), is as follows:

> As the first step, the Secretary ascertains whether the claimant is working; if so, a finding of "not disabled" follows. Next (step 2), the Secretary determines,

solely on the basis of medical factors, whether the claimant has a "severe" impairment which "significantly limits [his] physical or mental ability to do basic work activities." The regulation specifically provides that at this step the Secretary "will not consider your age, education, and work experience." If the claimant is determined to have a "severe" impairment under this definition, the Secretary next considers (step 3) whether the impairment is one which is listed in Appendix 1 of the regulations; if so, the claimant is found to be disabled without requirement of further proof that the impairment prevents him from working. The fourth step comes into play if the claimant's impairment, though deemed "severe" under step 2, is not a "listed" impairment under step 3. In such cases, the Secretary determines whether, despite the claimant's impairment, he is able to perform his past work. If not, the Secretary determines (step 5) whether, considering the claimant's age, education and work experience, his impairment prevents him from doing any other work available in the national economy.

*Id.* at 1498 citing 20 C.F.R. §§ 404.1520, 416.920 (1983) (footnote omitted).[6]

The Secretary has acknowledged that one result of the sequential procedure is the denial of benefits at step 2 "on the basis of medical considerations alone." SSR 82–56. Moreover, until recently, 20 C.F.R. §§ 404.1522, 416.922 (1984) and SSR 82–55 instructed claims examiners not to consider the combined effects of several impairments which do not individually meet the Secretary's step 2 "severity" test.[7]

---

**6.** The "basic work activities" with reference to which the "medical considerations" are to be assessed in step 2 are prescribed by the regulation and include "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions: (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in routine work settings." §§ 404.1521(b); 416.921(b).

**7.** This portion of the regulation, §§ 404.1522, 416.922, remained in effect until March 5, 1985, when the Secretary promulgated interim regulations in response to the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794, which amended 42 U.S.C. § 423(d)(2) by adding subparagraph (C), requiring the Secretary, in making a disability determination, to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." *See* 20 C.F.R. §§ 404.1523, 416.923 (1985)). All

SSR 82–55 also expanded from five to 20 the specific impairments deemed by the Secretary to be *per se* non-severe.

Each of these plaintiffs was found to be "not disabled" under the severity regulation (step 2), 20 C.F.R. §§ 404.1520(c), 416.-920(c), and was denied benefits because the medical evidence alone failed to establish the existence of an impairment which "significantly limited" her ability to perform "basic work activities." Plaintiffs contend that the Secretary is not permitted to deny disability claims on medical considerations alone under the Act. Rather, plaintiffs maintain that the Act requires consideration of vocational factors together with medical factors at all stages of an evaluation. Moreover, plaintiffs argue that the Secretary cannot refuse to consider the cumulative effect of multiple impairments, no one of which might, by itself, be especially limiting.

## II.

### Consideration of Vocational Factors

The severity regulation (step 2), 20 C.F.R. §§ 404.1520(c), 416.920(c), is alleged to be facially in conflict with the Social Security Act because the finding of a non-severe impairment allows for a summary denial of benefits without making certain specific findings mandated by the statute as to the individual claimant. As noted above, the Act speaks in terms of *"any* medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A) (emphasis added); severity of an impairment is relevant only to the extent that

> [the claimant] is not only unable to do his previous work but cannot, *considering his age and education and work experience,* engage in any other kind of substantial gainful work. . . .

of the named plaintiffs herein had their claims decided before March 5, 1985.

**8.** The current, i.e., 1985, regulation differs from the 1978 regulation only insofar as it allows for consideration of a combination of impairments. *See* n. 4, *supra.*

**9.** The congressional conferees noted, in generally approving the Secretary's sequential proce-

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added). By contrast, the corresponding regulatory provision, at step 2, states:

> If you do not have any impairment . . . which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. *We will not consider your age, education, and work experience.*

20 C.F.R. §§ 404.1520(c), 416.920(c) (1985) (emphasis added).[8]

The legislative history of the Act is equivocal, but a number of federal courts have found it to support their conclusions that the Secretary *is* authorized under the statute to establish at least some *minimal* medical threshold of severity before having to conduct a full medical-vocational review. *See Hall v. Heckler*, 602 F.Supp. 1169 (N.D.Cal.1985); *Johnson v. Heckler*, 593 F.Supp. 375 (N.D.Ill.1984), *aff'd*, 769 F.2d 1202 (7th Cir.1985); *Hundrieser v. Heckler*, 582 F.Supp. 1231 (N.D.Ill.1984). In each of these cases, however, excepting *Hall*, the court has ultimately found the severity regulation as applied to exceed any permissible *de minimis* measure of severity. A majority of the district courts having considered the issue have found the regulation itself to be in direct conflict with plain language of the statutory definition of disability. *See, e.g., Smith v. Heckler*, 595 F.Supp. 1173, 1177 (E.D.Cal.1984); *Johnson*, 593 F.Supp. at 379–81; *Baeder v. Heckler*, 592 F.Supp. 1489, 1495 (D.N.J. 1984), *aff'd in relevant part*, 768 F.2d 547 (3d Cir.1985); *Dixon*, 589 F.Supp. at 1502–03.

■ This Court concludes that a *de minimis* standard of severity is, in fact, contemplated by the statute, and it is supported in that conclusion by the legislative history of the recent Reform Act of 1984.[9]

dure in their report to Congress on the 1984 Reform Act amendments:

> The conferees also believe that in the interests of reasonable administrative flexibility and efficiency, a determination that an individual is not disabled may be based on a judgment that an individual has no impairment, or that the medical severity of his impairment or combination of impairments is *slight enough to warrant a presumption, even without a full*

The Act speaks of an impairment that is "medically determinable" as part of its definition of disability, 42 U.S.C. § 423(d)(1)(A), thus implying that the Secretary is to be allowed to cull out imaginary or spurious infirmities prior to the onset of a plenary review of a claim. *See Hall*, 602 F.Supp. at 1174.

When the 1978 regulation introduced the "not severe" impairment formulation, creating a new category of impairments that do not "significantly limit[ ]" physical or mental capacity to perform "basic work activities," 20 C.F.R. §§ 404.1520(c), 416.-920(c), the Secretary initially gave assurance that the new standard would not permit a finding of "not disabled" on the basis of medical considerations alone. *See* 43 Fed.Reg. 9284, 9296–97 (1978). The assurance, however, proved premature, for the Secretary later conceded that the "not severe" standard had "expanded" the universe of non-severe impairments and allowed "greater program efficiency" by "limiting the number of cases" requiring use of the vocational evaluation sequence. 45 Fed.Reg. 55566, 55574 (1980).

■ Of those other courts recognizing the Secretary's authority to impose a *de minimis* standard as consistent with the Act, *see, e.g., Baeder*, 768 F.2d at 552; *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984); *Chico v. Schweiker*, 710 F.2d 947 (2d Cir.1983), most have nevertheless invalidated the severity regulation upon finding it to have failed, in practice, to establish such a minimal threshold. *See,*

*Baeder*, 768 F.2d at 552; *see also Dixon*, 589 F.Supp. at 1503; *Johnson*, 593 F.Supp. at 379–81. This Court is persuaded to the same effect, and, since the present plaintiffs' claims were denied at a time when the Secretary apparently regarded the severity regulation as, something more than a *de minimis* threshold, these cases must be remanded for reconsideration with the regulation's application so limited.[10]

*Burden of Proof*

■ In yet a second respect the severity regulation is inconsistent with case law interpreting the Act. Step 2 of the severity regulation appears to leave the burden of proof of establishing disability with the claimant, whereas the circuit courts are unanimously agreed that once a claimant has shown an inability to return to his or her previous work because of a medically determinable impairment, the claimant has established a *prima facie* case of disability under the Act. The burden of proof then shifts to the Secretary, who must prove that other work exists in the national economy which can be performed by the claimant, considering his or her medical and vocational factors in conjunction with one another.[11] The obvious effect of step 2, however, is that a disability claim may be denied without the Secretary's having to satisfy her burden of proof if she can do so merely by declaring an impairment to be non-severe. *See Smith*, 595 F.Supp. at 1178; *Johnson*, 593 F.Supp. at 380; *Dixon*, 589 F.Supp. at 1506. *Accord, Baeder*, 592 F.Supp. at 1496.[12]

O'Banner v. HEW, 587 F.2d 321, 322 (6th Cir. 1978); McNeil v. Califano, 614 F.2d 142, 145 (7th Cir.1980); Carpenter v. Heckler, 733 F.2d 591, 592 (8th Cir.1984); Booz v. HHS, 734 F.2d 1378, 1379 (9th Cir.1984); Salas v. Califano, 612 F.2d 480, 482 (10th Cir.1979); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir.1983).

evaluation of vocational factors, that the individual's ability to perform [substantial gainful activity] is not seriously affected. (Emphasis added).

**10.** Defendant advises that since these cases were argued, a new Social Security Ruling, SSR 85–28, effective November 15, 1985, expressly interprets "non-severe" as the equivalent of "slight" or "minimal," i.e., *de minimis* for practical purposes.

**11.** *See Diabo v. HEW*, 627 F.2d 278, 283 (D.C. Cir.1980); *Goodermote v. HHS*, 690 F.2d 5, 7 (1st Cir.1982); *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir.1983); *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983); *Stanley v. Schweiker*, 729 F.2d 988, 990 (4th Cir.1984); *Loya v. Heckler*, 707 F.2d 211, 213–14 (5th Cir.1983);

**12.** That the effect is intentional is confirmed by SSR 82–56 which declares that "[w]hen there is no significant limitation in the ability to perform [basic work functions], an impairment will not be considered to be severe *even though it may prevent the individual from doing work that the individual has done in the past.*" (emphasis added).

The Secretary contends that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, and its relevant legislative history implicitly ratified her use of the non-severe step of the sequential analysis and her method of doing so, and should be taken as indication that she has, in fact, been comporting with Congress' intentions. The 1984 Reform Act included a number of changes (foremost among them being the requirement that the Secretary consider all of an individual's impairments, whether related or not) but the Secretary argues that Congress' failure to find fault with the severity regulation in other respects warrants the conclusion that Congress regarded it as otherwise consistent with the Act.

The majority of the courts having considered the significance to be given the 1984 legislation, however, have held that the Reform Act did not alter the prevailing law by which disability is to be determined, and, at most, indicated approval only of a true *de minimis* threshold requirement. *See, e.g., Stone,* 752 F.2d at 1101–02; *Smith v. Heckler,* 595 F.Supp. at 1178; *Johnson,* 593 F.Supp. at 379. *But see Hall,* 602 F.Supp. at 1174–76. Since the records in these cases contain no evidence with respect to the work the Secretary believes *these* plaintiffs remain able to perform, that issue, too, must be addressed upon remand.

*Combined Effects*

■ Finally, plaintiffs take issue with the Secretary's failure to consider the combined effects of their several ostensibly non-severe impairments. Until amended effective March 5, 1985, the regulation stated: "[w]e will consider the combined effects of unrelated impairments only if all are severe...." 20 C.F.R. §§ 404.1522, 416.922 (1984). Again the Secretary argues that prior to the effective date of the Reform Act, she was not required by statute to consider the cumulative impact of nonsevere impairments.[13] She quotes the Conference Committee report accompanying the Reform Act as representing Congress' recognition that "[t]here is no statutory provision concerning the consideration of the combined effects of a number of different impairments." 130 Cong.Rec. H 9821, 9829 (daily ed. Sept. 19, 1984). Had Congress believed the regulation was inconsistent with the Act before, she reiterates, it would at least have provided for retroactive application for the new provision by means of a mandatory remand.

Despite the Conference Committee's apparent—if ambiguous—concession that no statutory provision expressly directed consideration of multiple impairments before 1984, the Court concludes that Congress' original use of the plural "impairments,"[14] in conjunction with the clear weight of judicial authority antedating the 1984 legislation, requires an interpretation of the Act as mandating consideration of combined effects prior to 1984, and, thus, should have been so interpreted in consideration of these plaintiffs' cases. As one court noted, a regulation which fails to do so is not only inconsistent with the Act but with common sense as well. *Burnam v. Schweiker,* 682 F.2d 456, 458 (3d Cir.1982). *Accord, Dixon,* 589 F.Supp. at 1508; *Johnson,* 593 F.Supp. at 381. *See also Narrol v. Heckler,* 727 F.2d 1303, 1307 (D.C.Cir.1984); *Wallace v. HHS,* 722 F.2d 1150, 1155 (3d Cir.1983); *Ferguson v. Schweiker,* 641 F.2d 243, 250 & n. 9 (5th Cir.1981); *Barney v. HHS,* 743 F.2d 448, 453 (6th Cir.1984); *Camp v. Schweiker,* 643 F.2d 1325, 1333 (8th Cir.1981); *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984).

---

**13.** That requirement is now expressly stated by § 4(a)(1) of the Reform Act, added to amend 42 U.S.C. § 423(d)(2) by adding subparagraph (C): "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Identical language was added by § 4(b) of the Reform Act to amend similarly 42 U.S.C. § 1382c(a)(3), by adding subparagraph (G).

**14.** The Act has always provided that a person is disabled

if his physical or mental impairment *or impairments* are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work ....

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

### III.

Plaintiff Weathers seeks to maintain her suit as a class action on behalf of herself and a class defined as all other similarly situated residents of the District of Columbia who have been or will be denied SSI or OASDI benefits, or have had or will have such benefits terminated, on grounds that they do not have a severe impairment within the meaning of the Secretary's regulations, rules and policies as she has applied them to her. To qualify as a class representative plaintiff has the burden of showing that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). If she meets all of these four basic prerequisites, she must, in addition, show that the case satisfies one or more of the conditions set forth in Fed.R. Civ.P. 23(b), the most apposite for present purposes being subparagraph (2), viz., "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Plaintiff estimates that the proposed class contains in excess of 7,400 persons. The Secretary does not dispute the plaintiff's arithmetic; she does, however, contend that the proposed class contains an unknown, but potentially substantial, number of individuals over whom the Court would have no jurisdiction in the first place, because they have either failed to exhaust their administrative remedies under the Act or failed to present a claim for

benefits at all. Thus, she argues, plaintiff cannot show that the class of those who, without more, may now be entitled to benefits is so numerous that joinder is impracticable.[15]

The jurisdictional impediments to reviews of benefit denials, however, are inapplicable in the context of this proceeding. The Secretary misapprehends the nature of the class relief sought, which will not result in the payment of benefits to all or any class members, but only in a change in the Secretary's policies and procedures by which claims for them will henceforth be considered. *See Johnson v. Heckler,* 100 F.R.D. 70, 74 (N.D.Ill.1983); *Smith,* 595 F.Supp. at 1175. Once again other courts having preceded this Court to the issue have specifically certified such classes under facts identical to those before this Court. *See, e.g., Smith,* 595 F.Supp. at 1175; *Dixon,* 589 F.Supp. at 1511–12.

There can be no doubt that these cases present common questions of law, appropriately handled in the context of a class action. As noted above, plaintiff Weathers does not request an adjudication of individual class members' entitlement to benefits. Rather, she seeks only a determination of the validity of certain administrative regulations and policies which themselves determine eligibility when applied to specific cases. As a result, factual variations are of minimal importance, the class claim being controlled solely by common questions of law. *See, e.g., Johnson,* 100 F.R.D. at 74. Similarly, it cannot be disputed that, based as they are on the same legal theory, the named plaintiff's claims are typical of those asserted on behalf of the class. *Id.*

Lastly, the Court finds that the record fully supports plaintiffs' assertions that the Secretary has "acted or refused to act" on grounds applicable to the class as a whole, i.e., she has applied her regulations even-

---

**15.** Jurisdiction over appeals in SSI and OASDI cases, of course, derives from 42 U.S.C. § 405(g), which permits appeals to federal courts by those applicants who claimed benefits under Titles II and XVI and were denied them by the Secretary. The Supreme Court has held that there are two prerequisites to jurisdiction

under § 405(g): first, a claim for benefits must have been filed; second, the Secretary must have made a final decision regarding it. *See Mathews v. Eldridge* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

handedly, albeit erroneously, to all who have applied for benefits and will presumably continue to do so until told she may not. In such circumstances, the rights of others of whom plaintiff Weathers is typical are particularly appropriate for advance determination by way of the declaratory and injunctive relief sought here.

For the reasons set forth, it is, therefore, this 10th day of March, 1986,

ORDERED, that defendant's motion for partial summary judgment is denied; and it is

FURTHER ORDERED, that plaintiff's motion for reconsideration in *Pratt v. Heckler*, Civil Action No. 83–3508, is granted; and it is

FURTHER ORDERED, that plaintiffs' motions for partial summary judgment are granted; and it is

FURTHER ORDERED, that plaintiffs' motion for class certification in *Weathers v. Heckler*, Civil Action No. 84–3035, is granted in part, and that, for purposes of relief under this Order, the plaintiff class shall include all similarly situated residents of the District of Columbia who, between 1978 and the date hereof, have been denied SSI or OASDI benefits, or have had such benefits terminated, on the ground that they do not have a severe impairment within the meaning of the Secretary's rules, regulations and policies in the particulars found invalid hereby; and it is

FURTHER ORDERED, that these cases are remanded to the Secretary; and it is

FURTHER ORDERED, that plaintiff's motion for declaratory and injunctive relief in *Weathers v. Heckler*, Civil Action No. 84–3035, is granted, and it is ADJUDGED AND DECLARED: (1) that defendant's determination of disability claims at the second step of the sequential procedure on the basis of inability to do basic work activities, as opposed to inability to do previous work, and 20 C.F.R. §§ 404.1520(c), 416.920(c), and SSR 82–56, insofar as each establishes and requires this policy, violates 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A), (B), (C), and are null and void, and (2) that defendant's policy of refusing to combine nonsevere impairments, and 20 C.F.R. §§ 404.1522, 416.922, and SSR 82–55, insofar as each establishes and requires this policy, violates 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A), (B), (C), and are null and void; and it is

FURTHER ORDERED, that defendant Margaret M. Heckler, her successors, and her officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with her, are permanently enjoined from enforcement thereof, except in accordance herewith; and it is

FURTHER ORDERED, that the Secretary: (1) hold new disability hearings for plaintiffs, and all members of the plaintiff class who are otherwise eligible therefor and request rehearing; (2) reinstate OASDI and/or SSI benefits pending SSA hearing determinations for class members whose benefits had been terminated as a result of the defendant's policies determined unlawful by this Court and for whom new disability hearings are requested; and (3) grant retroactive benefits to plaintiffs and class members who, after a new hearing, are found in accordance herewith to be disabled within the meaning of the Act.