Lucy A. PRATT, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

Lilia M. WEATHERS, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

Gertrude MACKEY, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

Jessie PRUE, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

Annice V. FITZGERALD, Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

Civ. A. Nos. 83–3508, 84–3035, 84–3335, 84–3870, 85–0289.

United States District Court, District of Columbia.

Aug. 22, 1986.

Stephen J. Del Giudice, Community Legal Clinic, Washington, D.C., for plaintiffs Prue and Fitzgerald.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

Larry Williams, Antioch School of Law, Washington, D.C., for plaintiff Weathers.

Joan A. McCarthy, Sutherland, Asbill & Brenn, Washington, D.C., for plaintiff Mackey.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

These consolidated cases [1] are again before the Court on defendant's motions to "alter or amend" this Court's Order of March 10, 1986 ("Order" or "March 10th Order") granting partial summary judgment for plaintiffs which included class-wide relief, and for a partial stay of that Order pending appeal. Plaintiffs have cross-moved for "clarification" of the same Order. The Order at issue implemented the Court's decision holding invalid certain regulations and rulings promulgated by defendant which required the Social Security Administration ("SSA") to determine disability claims on the basis of a claimant's inability to do "basic work activities," as opposed to an inability to do previous work, and prohibited the consideration of multiple nonsevere impairments in the aggregate. 629 F.Supp. 1496 (D.D.C.1986).

The Court also granted plaintiff's motion for class certification in *Weathers v. Heckler*, Civil Action No. 84–3035, and defined the class she would be allowed to represent as "all similarly situated residents of the District of Columbia who, between 1978 and [March 10, 1986], have been denied SSI [Supplemental Security Income] or OASDI [Old-Age and Survivors Disability Insurance] benefits, or have had such benefits terminated, on the ground that they do not have a severe impairment within the meaning of the Secretary's rules, regulations and policies in the particulars found invalid hereby...." Order at 20. The Secretary was prospectively enjoined from enforcing the invalid regulations and ordered to hold new disability hearings for all members of the class who were otherwise eligible for and requested such rehearings. He was also directed to reinstate benefits pending rehearing for class members whose benefits had been terminated pursuant to the invalid regulations.

The Secretary now seeks to have the Order revised in several respects: (1) to eliminate the requirement that he reinstate benefits previously terminated; (2) to exclude from the class individuals whose benefits were terminated, as distinguished from being denied, of whom, according to the Secretary, the plaintiff Weathers is not fairly representative; (3) to exclude from the class those individuals who failed to exhaust their own administrative remedies; (4) to exclude from the class individuals who may already have received a decision and judgment from a federal court, their respective claims now being *res adjudicata* no matter the outcome; and (5) to eliminate

---

1. In each of these cases, a plaintiff applied for and was denied disability benefits for the reason that her individual "impairments" were not considered by the Secretary to be "severe" under 20 C.F.R. §§ 404.1520(c), 404.1521, 416.921 (1985), and the interpretive rulings, SSRs 82–55 and 82–56. The cases were consolidated for the limited purpose of determining cross-motions for partial summary judgment.

the apparent requirement for new hearings for all class members, some cases being amenable to disposition on the record.

Plaintiffs, on the other hand, seek to have the Order "clarified"—in effect, expanded—to prescribe detailed procedures for identifying and notifying class members and monitoring the Secretary's future compliance with the Order.

## I.

■ The Secretary contends that, in directing him to reinstate benefits pending rehearing for class members whose benefits have been terminated, the Order exceeds the powers conferred upon the Court by Section 205(g) of the Social Security Act ("the Act"), codified at 42 U.S.C. § 405(g) (1982). Section 205(g) provides for judicial review of only final decisions of the Secretary, and then gives district courts only the power to affirm, modify or reverse a decision of the Secretary, with or without remanding the cause for rehearing. Section 205(h) of the Act, 42 U.S.C. § 405(h), states that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." And section 205(i) of the Act, 42 U.S.C. § 405(i), declares that payment of benefits may be made only upon a final decision of the Secretary or a final judgment of any court of competent jurisdiction that a person is entitled to benefits. Here, there is no extant final decision of the Secretary or judgment of a court that anyone—including plaintiffs—is now actually entitled to benefits, a circumstance from which the Secretary argues that there is no statutory authority to order their payment pending rehearing. Absent such statutory authority, he says, the Order violates the United States' sovereign immunity.

The Secretary's argument is not, however, supported by the case law. In *City*

of New York v. Heckler, 742 F.2d 729 (2d Cir.1984), aff'd on other grounds, —— U.S. ——, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Second Circuit affirmed the district court's reinstatement of benefits for class members who had once been determined to be disabled but were subsequently stricken from the disability rolls pursuant to a policy it found invalid. The reinstatement of benefits was acknowledged to be merely an award of interim relief pending rehearings to determine anew the class members' permanent eligibility for them, and as he does here, the Secretary argued to the Second Circuit that temporary reinstatement was barred by the doctrine of sovereign immunity. The court of appeals disagreed, holding that the interim benefits were to be paid only to those class members who had previously, i.e., pre-termination, received what amounted to a "a final decision of the Secretary" that they *were* entitled to benefits, and having invalidated the procedure by which that decision had been rescinded, the district court had lawfully revived it provisionally pending properly-conducted redeterminations.[2] 742 F.2d at 740.

The Secretary also submits that the reinstatement of benefits pending rehearing is statutorily "unauthorized" because a recent amendment to Section 223 of the Act, Pub.L. No. 97–455, § 2, 96 Stat. 2498 (1983) (codified at 42 U.S.C. § 423(g)), allowing the payment of interim benefits to certain claimants during the pendency of *administrative* appeals, demonstrates that Congress does not now intend, and has never intended, that interim benefits be paid to anyone except as it expressly authorizes. This argument, too, was addressed by the Second Circuit in *City of New York v. Heckler*, which stated:

> We see no reason to think that Congress, in authorizing interim benefits during administrative appeals, believed that such

---

**2.** Similar decisions were reached in *Lopez v. Heckler*, 725 F.2d 1489 (9th Cir.1984), and *Mental Health Association of Minnesota v. Heckler*, 720 F.2d 965 (8th Cir.1983).

The Secretary cites *Taylor v. Heckler*, 769 F.2d 201 (4th Cir.1985) as holding to the contrary,

but that case is distinguishable: in *Taylor* the plaintiff was initially *denied* benefits and appealed the denial; there had never been a decision awarding benefits, final or otherwise.

benefits were not available during pursuit of judicial remedies. The more plausible interpretation is that Congress was anxious to fill a gap and ensure continuity of benefits on the understanding that, after administrative remedies were pursued, courts had adequate authority to continue interim benefits.

742 F.2d at 740. *See also Lopez v. Heckler,* 725 F.2d at 1509–10.

The Court agrees that the 1983 amendment to Section 223 does not purport to express Congressional disapproval of, much less to place limits upon, the power of district courts to award interim relief otherwise appropriate in cases properly before them for review of the Secretary's decision to withhold benefits.[3] The March 10th Order itself limits the reinstatement of benefits to those class members "whose benefits had been terminated as a result of the defendant's policies determined unlawful by this Court and for whom new disability hearings are requested." Order at 21–22. It thus awards interim relief only to those who had once been possessed of a "final decision of the Secretary" that they were disabled and entitled to benefits, as was done in *City of New York.* The Secretary's motion to alter the Order to eliminate the reinstatement of benefits will be denied.

## II.

█ The Secretary's second cavil with the March 10th Order is that the only named plaintiff who asks for class relief, Lilia Weathers, is not a legitimate representative under Fed.R.Civ.P. 23(a) of the entire class certified, because she has appealed from a decision denying her initial application for benefits; she cannot, therefore, the Secretary argues, represent those class members whose benefits were terminated. The Court has, however, previously determined the issue of Ms. Weathers' ability to represent the class on the common

issue presented, namely, the validity of the substantive rules used by the Secretary to withhold benefits, whether by way of denial or termination:

There can be no doubt that these cases present common questions of law, appropriately handled in the context of a class action. As noted above, plaintiff Weathers does not request an adjudication of individual class members' entitlement to benefits. Rather, she seeks only a determination of the validity of certain administrative regulations and policies which themselves determine eligibility when applied to specific cases. As a result, factual variations are of minimal importance, the class claim being controlled solely by common questions of law. Similarly, it cannot be disputed that, based as they are on the same legal theory, the named plaintiff's claims are typical of those asserted on behalf of the class.

Lastly, the Court finds that the record fully supports plaintiffs' assertions that the Secretary has "acted or refused to act" on grounds applicable to the class as a whole, i.e., [he] has applied [his] regulations even-handedly, albeit erroneously, to all who have applied for benefits and will presumably continue to do so until told [he] may not. In such circumstances, the rights of others of whom plaintiff Weathers is typical are particularly appropriate for advance determination by way of the declaratory and injunctive relief sought here.

Order at 19–20 (citations omitted). Inasmuch as this contention has been previously considered and rejected, and no new reasoning advanced to persuade the Court to the contrary, the Secretary's motion to alter the Order to exclude from the class any claimants whose right to benefits may have been revoked rather than refused initially will be denied.

---

3. The Secretary again cites *Taylor v. Heckler, supra,* n. 2, in which the Fourth Circuit stated that Congress' provision for interim benefits in specific circumstances does not permit courts to order their payment in others. 769 F.2d at 202.

In light of the *Lopez* and *City of New York* opinions, which addressed situations more closely analogous to the one presented here, the Court declines to follow *Taylor.*

## III.

■ The Secretary's third objection to the Order is that the class certified includes individuals who have not exhausted their own administrative remedies and could not, therefore, have been awarded benefits under Sections 205(g) and (h) of the Act were they before the Court in person. This argument was previously raised by defendant and was resolved as follows:

> The jurisdictional impediments to reviews of benefit denials, however, are inapplicable in the context of this proceeding. The Secretary misapprehends the nature of the class relief sought, which will not result in the payment of benefits to all or any class members, but only in a change in the Secretary's policies and procedures by which claims for them will henceforth be considered.

Order at 18 (citations omitted).

Since the entry of the March 10th Order, moreover, the Supreme Court has addressed the necessity of exhaustion of administrative remedies in the context of judicial review of SSA policies and practices challenged as unlawful by class action. In *Bowen v. City of New York,* —— U.S. ——, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court held that the district court had properly included in the class of claimants it found entitled to relief even individuals who had failed to pursue their own administrative appeals and whose time to do so had expired. The Court found that exhaustion was excused on equitable grounds pursuant to *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The claims for benefits were collateral to the relief sought, i.e., the vitiation of an unlawful policy, and the claimants likely to be irreparably harmed if the exhaustion requirement were insisted upon. Given the system-wide application of the invalid policy of which the plaintiffs were complaining, exhaustion would have been a superfluous formality. The compilation of a factual record was unnecessary to a resolution of the issue, which also presented no need for agency expertise. The Supreme Court pointed out that, in ordering rehearings for eligible claimants, the district court's order was in fact consistent with the exhaustion doctrine; it reflected appropriate deference to the administrative process in not ordering the payment of benefits outright, but, rather, in permitting the agency to redetermine each claimant's eligibility in the first instance.

The instant case is, in the same respect, very similar to *Bowen v. City of New York,* and the formality of exhaustion can as well be dispensed with here. The claims for benefits of the several class members are collateral to—indeed, had to be preceded by—the only relief sought for the class as a whole, viz., the judgment declaring the qualifying regulations invalid and an injunction against their enforcement. It serves no purpose at all to require each member of the class, many of whom may be in dire need of disability payments, to exhaust his or her own administrative remedies, not to mention the patience of everyone involved, in contesting regulations which the Court has already held to be generally invalid. The interim relief awarded, and the remand of cases ordered, in the instant case is virtually identical to the disposition approved by the Supreme Court in *Bowen v. City of New York.* The Secretary's motion to exclude from the class individuals who have not exhausted their own administrative remedies will be denied.

## IV.

■ The Secretary also asserts that the class certified in the March 10th Order appears to include individuals whose claims are barred by the doctrine of *res judicata.* Some members of the class, he says, have previously sought and received judicial review of a final decision of the Secretary on their own.

Clearly, a final judgment on the merits, rendered by a court of competent jurisdiction, is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claims. Whether or not such claimants raised the issue of the validity of the regu-

lations pursuant to which their benefits were denied or terminated, they have lost their right to benefit from the successful challenge to the regulations made here. It was not the Court's intention to include in the class those whose claims had previously been adjudicated to a conclusion, and the definition of the class will be amended accordingly.

## V.

The Secretary's final grievance with the Order is that, as he understands it, it requires him to conduct new hearings for all class members, whereas new hearings may not be necessary or desirable in all cases. (The Order directs the Secretary to "hold new disability hearings for ... all members of the plaintiff class who are otherwise eligible therefor and request rehearing...." Order at 21.) The Secretary asserts that there are several situations in which rehearings could be dispensed with, e.g., claims that could be allowed on the record; those that have already been allowed in subsequent proceedings or applications; and those of class members who, upon notification, decline to participate in a readjudication.

Mandatory hearings for everyone were also not intended by the Court. In limiting rehearings to those "otherwise eligible therefor [who] request rehearing" it did not anticipate rehearings for individuals who, for various extraneous reasons, neither need nor desire them. If a class member has in the interim been, or will be on the present record, found eligible for disability benefits, whether in a reconsideration of an earlier decision or in proceedings on subsequent applications, he or she is no longer "eligible" for (and presumably will not request) a rehearing. The Order as it is presently worded, so clarified, is now sufficiently clear, and the Secretary's motion to modify it formally will be denied.

## VI.

Plaintiffs have also moved for "clarification" of the March 10th Order—in effect, to elaborate upon it—with express, detailed directions for the identification and notification of the class members and oversight of the Secretary's compliance. Plaintiffs would have the Secretary comply with a complex order that establishes a schedule to, *inter alia,* identify class members, mail notification to those so identified, display posters in English and Spanish informing people of their right to a rehearing, reopen the applications of all class members whose applications for benefits were denied or terminated at any stage of the administrative process, issue instructions to various Social Security offices for compliance with the Order, and provide plaintiffs' counsel with copies of all documents issued in connection with it.

The Secretary has opposed plaintiffs' motion on the ground that it is both unduly burdensome and unnecessary. In affidavits of an SSA official submitted by the Secretary, the SSA describes the procedure it proposes to undertake to comply with the Order, which contemplates using the Administration's computer list to identify and notify potential class members, and then reviewing the claims files of those who respond to the notice. After interviewing those who appear to qualify for rehearing, it will forward their files to the District of Columbia Disability Determinations Services for re-evaluation. The Secretary states that a similar procedure was successfully used in *Bailey v. Heckler,* No. 83–1797 (D.Pa. Dec. 3, 1985) [Available on WESTLAW, DCTU database]. Plaintiffs criticize the procedure as being conducive to uneven or incomplete compliance with the Order, citing an observation made by the Second Circuit recently in *Schisler v. Heckler,* 787 F.2d 76 (1986), as to the importance of the identification and notification process to the correction of a class-wide injustice.

The Court certainly agrees that class members must be identified and notified of their rights under the March 10th Order, but plaintiffs' proposed protocol is excessive and expensive, and it assumes a reluctance on the part of the SSA to accede to the Court's ruling for which there is, at the moment, no evidence. The Court is satis-

fied that the Secretary's plan will assure that most class members will be identified and notified, although perhaps not as thoroughly as plaintiffs would wish. The Secretary will be permitted to implement the plan described in the supporting affidavits (Fussell I and II), on the condition that he begins to do so promptly and makes good faith efforts to proceed as expeditiously as possible. The Court is fully mindful of the harm the interruption of benefits causes those who are dependent upon them, and will entertain an appropriate motion by plaintiffs for further relief should it appear that the process of redetermination is being unnecessarily delayed.

## VII.

The Secretary has requested a partial stay of the March 10th Order pending disposition of his appeal of it. The stay would apply only to those class members whose cases must be redetermined and those for whom interim payments have been ordered, but would not affect those whose claims are currently pending before the SSA, nor the five individual named plaintiffs in these consolidated cases.

The Secretary argues that the stay is necessary because implementation of the March 10th Order will entail substantial expense to the Social Security Trust Fund which it might not be able to recoup at a later date were the decision to be reversed on appeal. This he contrasts with the harm that a stay might do to class members, which he characterizes as minimal because class members will ultimately receive full back benefits if the Order is upheld on appeal.

The claimants, however, are hardly likely to concur in the description of a further delay in their receipt of benefits as a minimal hardship, and the Secretary's likelihood of success on appeal appears to this Court at the moment doubtful. This case is not one of first impression; numerous other courts have preceded this one to the conclusion that the regulations were not consonant with the statute. The court of appeals may be of a contrary mind, however.

Accordingly, so much of the Order of March 10th as orders interim payments while the case is on appeal will be stayed, but only for a period sufficient to allow application to be made by the Secretary to the court of appeals for a stay pending appeal.

For the foregoing reasons, it is, this 22nd day of August, 1986,

ORDERED, that the Secretary's motion to alter or amend the March 10th Order is granted in part and denied in part; and it is

FURTHER ORDERED, that the definition of the class set forth in the March 10th Order is amended to exclude from the class as certified all individuals who have received a final decision on the merits from a court of competent jurisdiction concerning the denial or termination of their disability benefits under the Old-Age and Survivors Disability Insurance and/or the Supplemental Security Income programs; and it is

FURTHER ORDERED, that the Secretary's motion is denied in all other respects; and it is

FURTHER ORDERED, that plaintiffs' motion for "clarification" is denied, provided, however, that the Secretary implement his plan for compliance with the Order of March 10th as expeditiously as possible once appellate proceedings have been completed or the time for appeal has expired; and it is

FURTHER ORDERED, that the Secretary's motion for a partial stay is granted as to interim payments only for a period of thirty (30) days, or until the court of appeals acts upon a motion for a stay pending appeal, if filed with it within such time, whichever is the later.