**Nazaria CRUZ, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 85 Civ. 6208(WCC).**

United States District Court, S.D. New York.

Dec. 20, 1985.

Harlem Legal Services, Inc., New York City, for plaintiff; Ishmael Lahab, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Neal S. Mann, Sp. Asst. U.S. Atty., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff brought this action under section 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g) (1982 & Supp. II 1984), seeking review of a final determination of the Secretary of Health and Human Services ("the Secretary") that plaintiff is not disabled as defined by the Act, and therefore is not entitled to disability insurance benefits. Plaintiff had alleged disability due to a severe schizo-effective disorder. In an Order dated November 27, 1985, familiarity with which is presumed, I remanded this action to the Secretary so that plaintiff's application could be readjudicated pursuant to section 5(c)(1) of the Social Security Disability Benefits Reform Act of 1984 ("the Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794, 1801 (codified at 42 U.S.C. § 421 note (Supp. II 1984)). Plaintiff has moved for an order (1) awarding her interim benefits pending the final disposition of this action and (2) requiring the Secretary to complete proceedings on remand within 60 days. For the reasons set forth below, plaintiff's motions are denied.

■ Plaintiff advances several grounds in support of her motion for an award of interim benefits. First, plaintiff relies on section 223(g) of the Act, captioned "Continued payment of disability benefits during appeal," which provides in relevant part:

(1) In any case *where —*

(A) *an individual is a recipient of disability insurance benefits* ...,

(B) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and

(C) a timely request for a hearing ... is pending with respect to the determination that he is not so entitled,

*such individual may elect ... to have the payment of such benefits ... continued* for an additional period beginning with the first month beginning after January 12, 1983, for which (under such determination) such benefits are no longer otherwise payable, and ending with the earlier of (i) the month preceding the month in which a decision is made after such a hearing (ii) the month preceding the month in which no such request for a hearing or an administrative review is pending, or (iii) June 1988.

42 U.S.C. § 423(g) (1982 & Supp. II 1984) (emphasis added). It is readily apparent that this section is inapplicable in the present context. By its express language, section 223(g) provides for the payment of benefits pending administrative review of a determination that an individual who was receiving benefits is no longer (or never was) entitled to receive such benefits. *See City of New York v. Heckler,* 742 F.2d 729, 740 (2d Cir.1984), *cert. granted,* —— U.S. ——, 106 S.Ct. 57, 88 L.Ed.2d 46 (1985); *Thibodeau v. Heckler,* 571 F.Supp. 524, 525 (D.Me.1983). *See also* H.R.Rep. No. 1039, 98th Cong., 2d Sess. 33, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3080, 3091; S.Rep. No. 648, 97th Cong., 2d Sess. 6–7, *reprinted in* 1982 U.S.Code Cong. & Ad. News 4373, 4377–78; H.R.Rep. No. 985, 97th Cong., 2d Sess. 10, *reprinted in* 1982 U.S.Code Cong. & Ad.News 4399, 4400. Since plaintiff is not challenging a decision terminating her receipt of benefits, section 223(g) is by its terms inapplicable to her.

Plaintiff also relies on section 2(e) of the Reform Act, 42 U.S.C. § 423 note (Supp. II 1984). However, that section is similarly inapposite. Section 2(e) provides that "[a]ny individual whose case is remanded to the Secretary pursuant to [section 2(d) of the Reform Act] may elect, in accordance with section 223(g) ... of the Social Security Act, to have payments made beginning

with the month in which he makes such election, and ending as under such section 223(g)...." 42 U.S.C. § 423 note (Supp. II 1984). Under section 2(d), courts are required to remand certain cases in which the Secretary terminated a recipient's benefits due to medical improvement in the recipient's condition. *Id.* Plaintiff is not a recipient whose benefits were terminated due to medical improvement, and she therefore cannot rely upon section 2(e) for an award of interim benefits.

Finally, plaintiff cites numerous cases in which courts exercised their broad remedial powers to award interim benefits absent express statutory authority. However, in each case cited by plaintiff, the claimant was faced with an unreasonable delay attributable to the Secretary. *See, e.g., Cohen v. Heckler,* 599 F.Supp. 837, 838 (S.D. N.Y.1984). Here, any delay that plaintiff will experience is due to Congress. The Reform Act directed the Secretary to promulgate new regulations for evaluating disability claims based on mental impairments and to reconsider all such claims in which an administrative decision was issued between the effective date of the Reform Act and the promulgation of the new regulations. Reform Act § 5(c)(1), 42 U.S.C. § 421 note (Supp. II 1984). Consequently, this is not an appropriate case for an award of interim benefits.

For substantially the same reasons, it would also be inappropriate for me to place a time limit on the Secretary's reconsideration. The Reform Act requires the Secretary to redetermine mental impairment claims "as soon as feasible" after the promulgation of the new regulations. *Id.* Absent unreasonable delay attributable to the Secretary, imposition of a time limit would be an unwarranted intrusion into matters relegated to a coordinate branch of government. *See Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984).

For the foregoing reasons, plaintiff's motions for an order awarding her interim benefits pending the final disposition of this action and requiring the Secretary to complete further administrative proceedings within sixty (60) days is denied.

SO ORDERED.