Accordingly, judgment will be entered in favor of defendant.

### JUDGMENT

Findings of fact and conclusions of law dated this day are hereby incorporated into and made a part of this judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff take nothing by its cause of action, that the action be dismissed on the merits, and that the defendant recover of the plaintiff defendant's cost of action.

**Barbara WEISER, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 83 Civ. 7737 (WCC).**

United States District Court, S.D. New York.

Sept. 24, 1986.

Wendy Brill, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Mark S. Sochaczewsky, Sp. Asst. U.S. Atty., of counsel.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Barbara Weiser brought this action under sections 205(g) and 1631(c)(3) of the Social Security Act ("the Act"), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3) (1982), seeking review of a final determination of the Secretary of Health and Human Services ("the Secretary") that plaintiff is not disabled as defined by the Act, and therefore is not entitled to disability insurance or Supplemental Security Income ("SSI") benefits. Plaintiff has moved for

judgment on the pleadings pursuant to rule 12(c), Fed.R.Civ.P. She contends that the Secretary's decision is not supported by substantial evidence. Plaintiff asserts, *inter alia,* that the Secretary considered only her physical disabilities and failed to consider her mental impairments.

The Secretary acknowledges that "the administrative decision was flawed." Memorandum of Law in Support of Defendant's Motion to Remand and in Opposition to Plaintiff's Motion for Judgment on the Pleadings at 1. He has cross-moved for an order remanding this matter so that plaintiff's application can be readjudicated pursuant to section 5(c)(1) of the Social Security Disability Benefits Reform Act of 1984 ("the Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794, 1801 (codified at 42 U.S.C. § 421 note (Supp. II 1984)). That section requires the Secretary to reconsider all mental impairment disability claims in which an administrative decision was issued between the effective date of the Reform Act and the date on which the Secretary promulgated new regulations for evaluating such claims.

In this case, the Secretary issued his final decision denying plaintiff's application on August 29, 1985, the day after the new mental impairment guidelines were promulgated. Since the Secretary acknowledges that he did not apply the new guidelines in considering plaintiff's disability claim, it appears that this case should be remanded for reconsideration. Plaintiff has not opposed the Secretary's request. Indeed, plaintiff herself has requested that the Court remand this matter to the Secretary in the event that it does not reverse the Secretary's decision. Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings at 30–31. In support of her alternative motion for remand, plaintiff has submitted additional evidence bearing on her claim which was not considered by the Administrative Law Judge or the Appeals Council. The existence of such additional evidence provides an independent ground for remand. *See, e.g., Carnevale v. Gardner,* 393 F.2d 889, 891 n. 1 (2d Cir.1968).

Accordingly, this action is remanded to the Secretary for reconsideration. However, under the circumstances of this case, the Court finds it appropriate to direct the Secretary to award plaintiff interim benefits pending final adjudication of her claim. It is true that the Reform Act provides for an award of interim benefits only where the Court remands a case challenging the termination of a recipient's benefits, and not where the Court remands a case challenging the Secretary's decision to deny a claimant benefits in the first instance. *See Cruz v. Heckler,* 626 F.Supp. 799, 800–01 (S.D.N.Y.1985). Nonetheless, in the exercise of its broad remedial powers, the Court may always award interim benefits where a claimant is faced with unreasonable delay attributable to the Secretary. *See, e.g., id.* at 801; *Cohen v. Heckler,* 599 F.Supp. 837, 838 (S.D.N.Y. 1984) (where Secretary received several extensions of time in which to answer and then was unable to prepare a hearing transcript, plaintiff entitled to interim benefits pending readjudication on remand); *Mills v. Heckler,* 595 F.Supp. 952, 954–55 (S.D.N.Y.1984) (where Secretary received two sixty-day extensions of the time in which to answer, plaintiff awarded interim benefits from date answer was due until date answer filed).

In light of the tortuous path that this case has taken since December 1981, when plaintiff first applied for disability benefits, I conclude that this is an appropriate case in which to award interim benefits pending remand. Plaintiff's application for disability benefits was denied, both initially and on reconsideration. Plaintiff requested a *de novo* hearing of her application, and on January 4, 1983, such a hearing was held before Administrative Law Judge ("ALJ") Michael P. Friedman. The ALJ issued a decision on February 17, 1983, in which he determined that plaintiff was not disabled within the meaning of the Act. On August 29, 1983, the Appeals Council denied plaintiff's request that it review the ALJ's decision, thereby making that deci-

sion the final determination of the Secretary.

Plaintiff appealed to this Court. The Secretary requested and received a number of extensions of time in which to answer plaintiff's complaint, and eventually informed the Court that he was unable to provide the Court with a transcript of the January 4, 1983 hearing. On May 4, 1984, the Court remanded this matter to the Secretary with instructions to conduct a new hearing.

No hearing was conducted until January 9, 1985, some eight months later. On March 13, 1985, ALJ Emanuel Tannenbaum issued a decision in which he found plaintiff disabled. On August 29, 1985, the Appeals Council reversed the ALJ's decision and determined that plaintiff was not disabled. The Secretary did not file the record of the administrative proceedings on remand until April 1, 1986.

The Secretary's repeated delay throughout the history of this case is little short of outrageous. Plaintiff initially applied for benefits almost five years ago. She has already endured two hearings and two appeals, and will now have to endure yet another hearing and appeal. The Secretary's delay is especially troubling because the record on appeal would appear to contain a significant amount of evidence suggesting that plaintiff is in fact disabled. Indeed, ALJ Tannenbaum so found, even without the benefit of the additional evidence that plaintiff has submitted in connection with the instant motion.

For all these reasons, this matter is remanded to the Secretary for readjudication, taking into account the new mental impairment guidelines and any new evidence that plaintiff wishes to submit. The Secretary should redetermine plaintiff's claim expeditiously, and file the supplemental administrative record in a timely manner. Pending final adjudication of plaintiff's claim, the Secretary is directed to award plaintiff interim social security disability benefits.

SO ORDERED.