Pedro SALTARES, Plaintiff,

v.

Otis R. BOWEN, M.D., Defendant.

No. 87 Civ. 7700 (SWK).

United States District Court,
S.D. New York.

April 28, 1989.

Michael Joseph J. Barnas, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. New York, New York City by Susan D. Baird, Sp. Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff brings this action for payment of disability insured worker's benefits under Title II of the Social Security Act, §§ 216(i), 223(d), codified at 42 U.S.C. §§ 416(i), 423(d). Concurrently, the plaintiff applied for Supplemental Security Income benefits based on a disability provided for in Title XVI of the Act, § 1614(a)(3), 42 U.S.C. § 1382c(a)(3). By Order dated September 23, 1988, the Court remanded this action to the Secretary of Health and Human Services ("Secretary") for further proceedings. Presently before the Court is plaintiff's request for interim benefits pending further action by the Secretary. Magistrate Naomi Reice Buchwald, to whom this action was referred, recommends denial of plaintiff's request in a Report and Recommendations dated November 28, 1988 ("Report"). Plaintiff has filed timely objections and argues that the delays expected on remand necessitate payment of interim benefits.

### Background

Plaintiff's quest for disability benefits began on July 9, 1985 when he filed his original application with the Department of Health and Human Services ("HHS") for spinal injuries suffered. Plaintiff's application was denied initially and on reconsideration. At plaintiff's request, an Administrative Law Judge ("ALJ") conducted a *de novo* hearing at which plaintiff represented himself. On March 9, 1987, the ALJ determined that plaintiff was not disabled and thus not entitled to benefits. The Appeals Council denied plaintiff's request for review on August 24, 1987, and this decision became the final decision of the Secretary. *See* Report and Recommendation of Magistrate Buchwald, dated June 29, 1988, at 1–2.

Thereafter, on October 28, 1987, plaintiff filed a complaint with this Court seeking

judicial review of the above-mentioned final determination, as provided for by 42 U.S.C.S. § 405(g) (Supp.1988).[1] This Court referred the action to Magistrate Buchwald, who recommended that the action be remanded. *See* Report and Recommendation, dated June 29, 1988. By Order dated September 23, 1988, this Court accepted the Report and Recommendation of Magistrate Buchwald and remanded the action to the Secretary for further proceedings, including a new hearing.

Plaintiff then moved on October 28, 1988, for an award of interim benefits pending a final determination on remand. The Secretary filed a memorandum in opposition and on November 17, 1988, plaintiff responded with a memorandum of law and a letter of explanation as to why this relief should be granted in this particular situation.

On November 28, 1988, Magistrate Buchwald issued her Report recommending denial of the plaintiff's application for interlocutory or interim benefits pending the outcome of the matter on remand. The Magistrate reasoned, based on Congressional intent, that the Court does not have the authority to award interim benefits. On December 8, 1988, plaintiff's counsel served and filed objections to the Magistrate's Report, arguing that the Court does have the remedial power to award interim benefits and that this case is an appropriate one for doing so.

Plaintiff's counsel has subsequently written the Court to explain the status of the remand. He explains that the Administrative Law Judge, who felt the record was incomplete, has ordered further medical examinations. Counsel for plaintiff also states that, based on his experience with these types of proceedings, that the request for further medical examinations of his client will delay a final determination of the issues in this case. Therefore, plaintiff's counsel asserts that because of these delays and the high probability of success of plaintiff's claim, based on two reports by treating physicians that plaintiff's back injury prevents him from engaging in any substantial gainful activity, interim benefits should be granted by this Court.

### Discussion

■ The Social Security Act provides for interim benefits only under certain specified circumstances. In a section entitled "continued payment of disability benefits during appeal", the Act provides in relevant part that:

(1) In any case where—

(A) an individual is a recipient of disability insurance benefits ...,

(B) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and

(C) a timely request for a hearing ... is pending with respect to the determination that he is not so entitled, such individual may elect ... to have the payment of such benefits ... continued for an additional period beginning with the first month beginning ... after January 12, 1983, for which (under such determination) such benefits are no longer otherwise payable, and ending with the earlier of (i) the month preceding the month in which a decision is made after such a hearing (ii) the month preceding the month in which no such request for a hearing or an administrative review is pending, or (iii) June, 1989.

42 U.S.C.S. § 423(g) (1988). Courts in other circuits have noted that this section authorizes interim benefits only when a beneficiary's benefits have first been awarded and then subsequently terminated, and does not authorize interim benefits in "original entitlement" cases in which benefits have never been awarded. *Doughty v. Bowen*, 839 F.2d 644, 645–46 (10th Cir. 1988); *Taylor v. Heckler*, 769 F.2d 201, 202 (4th Cir.1985). The case presently before the Court is such an original entitlement case.

---

**1.** Section 405(g), which provides for judicial review, states in part that "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain review of such decision by a civil action commenced within sixty days ..."

The Tenth Circuit has recently concluded that courts do not have the remedial power to award interim benefits in original entitlement cases. *Doughty, supra,* 839 F.2d at 647. After noting the distinction between termination cases and original entitlement cases, the court observed that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, 1801 (codified at 42 U.S.C.S. § 421 (1988)) ("Reform Act") expressly authorizes an individual to elect to receive interim benefits pending the remand and resolution in cases only involving the termination of disability benefits.

The *Doughty* court relied on two Court of Appeals decisions, *Day v. Schweiker,* 685 F.2d 19 (2d Cir.1982), *vacated,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), and *Taylor v. Heckler,* 769 F.2d 201 (4th Cir.1985). In *Day,* the Second Circuit affirmed an order of this Court that established reconsideration deadlines for the Secretary to abide by in claimant suits for disability benefits under Title II of the Act, and allowed for interim benefits for claimants if the deadlines were not met. *Id.* at 23–24. The order required a state agency to issue a reconsideration of an initial determination that claimant is ineligible for Title II disability benefits, within ninety days of a claimant's request and the ALJ to provide evidentiary hearing within ninety days of a request. *Id.* at 22. The Second Circuit determined that the district court had the remedial power to order interim benefits to claimants who did not receive a reconsideration or a hearing within the mandatory deadlines. *Id.* at 23–24.

The Supreme Court reversed the mandatory deadline holding and did not reach the interim benefits question. *Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). In *Heckler,* the Supreme Court observed that the legislative history made clear that Congress was fully aware of the serious delays in resolution of disability claims, and had on numerous occasions considered and expressly rejected suggestions that mandatory deadlines be imposed on this administrative process. *Id.* at 116–18, 104 S.Ct. at 2256–57. In the end, the Court concluded that "[i]n light of the unmistak-

able intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." *Id.* 104 S.Ct. at 2257.

The Supreme Court specifically did not determine whether courts had the remedial power to award interim benefit payments in original entitlement cases, *see id.* at n. 34, but the Tenth Circuit has inferred that the granting of interim benefits is analogous to the creation of deadlines for the Secretary. *Doughty, supra,* 839 F.2d at 647. In *Taylor, supra,* the Fourth Circuit reached the same conclusion, holding that district courts did not have the remedial power to order interim benefits in original entitlement cases. 769 F.2d at 202.

In this district, however, *Heckler v. Day* has not been read to mean that the Court is without power to award interim benefits under certain circumstances. While this Court recognizes "that the Reform Act provides for an award of interim benefits only where the Court remands a case challenging the termination of a recipient's benefits, and not where the Court remands a case challenging the Secretary's decision to deny a claimant benefits in the first place", *Weiser v. Secretary of Dept. of Health,* 645 F.Supp. 602, 603 (S.D.N.Y.1986), this Court also stresses that it has the remedial power to award interim benefits "where a claimant is faced with unreasonable delay attributable to the Secretary." *Id.; see also Jefferson v. Bowen,* No 84 Civ. 5664 (WCC), slip op. (S.D.N.Y. December 22, 1986) (available on Westlaw: 1986 WL 14928) (although not specifically authorized by Congress, court has remedial power to award interim benefits when Secretary causes unreasonable delay); *Rios v. Bowen,* No. 85 Civ. 3726 (WCC), slip op. at 2 (S.D.N.Y. April 10, 1986) (1986 WL 4548) (same); *Mays v. Heckler,* No. 85 Civ. 6008 (RLC), slip op. at 2 (S.D.N.Y. February 26, 1986) (1986 WL 2768) (same, citing cases); *Cruz v. Heckler,* 626 F.Supp. 799, 801 (S.D.N.Y.1985) (same); *Cohen v. Heckler,* 599 F.Supp. 837, 838–39 (S.D.N.Y.1984)

(same). Judge Haight noted in *Cohen* that the exercise of this remedial power is consistent with language in *Heckler v. Day,* in which the Supreme Court declined to reach the interim benefits issue. *Cohen,* 599 F.Supp. at 839 (discussing *Heckler, supra,* 467 U.S. at 119 n. 34, 104 S.Ct. at 2258 n. 34). It should also be noted that a decision to award interim benefits on a case-by-case basis is consistent with the Supreme Court's caveat "that nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b)." *Heckler, supra,* 467 U.S. at 119 n. 33, 104 S.Ct. at 2257 n. 33. This Court thus concludes that it has the remedial power to award interim benefits in an original entitlement case when the Secretary has unreasonably delayed the proceedings.

In *Weiser,* the Court granted interim benefits after noting that the Secretary, whose behavior was "little short of outrageous", unreasonably delayed the processing of the claimant's case by, among other things, delaying a hearing after a remand for eight months and failing to file the administrative record for another period of months. 645 F.Supp. at 604. The Court noted that the claimant had already gone through two hearings and two appeals, and would now begin a third round of hearings. *Id.* In *Jefferson, supra,* the Court found that a delay of over four years, including the production of an unusable hearing transcript after a six-month delay, which forced the Court previously to remand, and an additional seven-month delay before the Secretary rendered a decision after remand, was unreasonable. Slip op. at 163. The Court also noted that Mr. Jefferson had already endured two hearings, two appeals and would now begin a third set of hearings. *Id.* In *Cohen,* the Court ordered interim benefits on the basis that, after repeated requests for extensions of time to prepare an answer and a hearing transcript, the Secretary notified the Court some seven months after the action commenced that the hearing tape could not be found, requiring a remand for *de novo* consideration. 599 F.Supp. at 838.

In the present case, plaintiff has suffered certain delays in the processing of his case. Like the claimants in *Weiser* and *Jefferson,* plaintiff filed for benefits many years ago. Mr. Saltares explains in an affidavit that he, his wife and three children must subsist on only a few hundred dollars a month, and stresses that he cannot work because of his claimed disability. Undoubtedly, the lack of benefits has created tremendous hardship for Mr. Saltares and his family. Plaintiff's financial straits, though moving, cannot be the basis for awarding interim benefits. Instead, the Court must determine whether the delays in this case caused by the Secretary are unreasonable. Plaintiff's counsel points out that the administrative process, from filing, through initial decision, reconsideration and appeal, lasted some 25 months. He contemplates that the administrative process on remand will take a proportionate amount of time, or a little over a year. These time periods, though lengthy, do not appear unreasonably so, given the Court's experience in these matters.

Plaintiff argues that the additional delay on remand, though necessary, has been caused by the ALJ's inadequate processing of plaintiff's hearing and case. It is certainly true that, had the ALJ performed his duty properly, this remand would not be necessary. In her first Report, the Magistrate notes that the ALJ summarily dismissed the conclusions of plaintiff's treating physician, without attempting to obtain a more definite statement from his doctor or otherwise developing the record. Report, dated June 29, 1988, at 5. The Magistrate also concluded that the ALJ improperly relied on the "grid" in determining that plaintiff could perform "light work". *Id.* at 6. Based on these conclusions, plaintiff argues that the ALJ, derelict in his duties, has unreasonably delayed a final determination in this case. The Court agrees that the ALJ's less than adequate handling of this case is the basis for the remand. However, the Court does not believe that interim benefits should be awarded simply because the Secretary's actions warrant remand. To do so would allow the exception to swallow the rule, making the award of

interim benefits necessary almost every time a case is remanded. This result might ultimately discourage remands in close cases and would have the effect of creating a blanket rule that the Supreme Court has stated the courts cannot fashion. *See Heckler, supra,* 467 U.S. at 119 n. 33, 104 S.Ct. at 2257 n. 33 (court holds that courts do not have power to mandate terms applicable in blanket fashion to all cases). Unlike the situation in *Weiser* and *Jefferson,* plaintiff has not undergone two sets of hearings and the Secretary has not delayed the proceedings before the Court. For these reasons, the Court concludes that the award of interim benefits is not warranted in this case.

### Conclusion

For the reasons stated above, the Court denies plaintiff's application for interim benefits.

SO ORDERED.