Samuel **MARGUCCIO, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**CIV-83-423E.**

United States District Court, W.D. New York.

June 26, 1984.

Gerald P. Seipp, Buffalo, N.Y., for plaintiff.

Joseph B. Mistrett, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action under 42 U.S.C. § 405(g) seeking judicial review of a decision by the Secretary of Health and Human Services ("the Secretary") terminating plaintiff's entitlement to Social Security disability insurance benefits, defendant has moved for a remand of this case to the administrative agency inasmuch as the tape-recording of the hearing regarding plaintiff's claim is blank. Plaintiff has cross-moved for a default judgment or for an award of interim benefits during the period that this action is remanded to the agency for the *de novo* hearing and determination.[1]

Upon consideration of the arguments submitted by counsel for both parties, defendant's motion for a remand to the agency for a *de novo* hearing is hereby ORDERED granted. However, plaintiff's motion for interim benefits is hereby ORDERED granted to the extent that within thirty (30) days of the entry of this Order the Secretary is directed to pay plaintiff a sum of money equal to the amount of the monthly benefits payment that he had been receiving prior to the termination of such benefits. The Secretary is further ORDERED to continue such payments on a monthly basis until a final determination with respect to plaintiff's claim for benefits is reached by the agency and, assuming that plaintiff's entitlement to benefits is again found to be lacking, an Answer and complete administrative record is filed with this Court. This sanction imposed on the Secretary is not indicative of the Court's position with respect to the relative merits of plaintiff's claim for benefits and is merely intended to penalize the agency for its increasingly prevalent practice of mishandling claimants' records and furthermore, to spur prompt action with respect to plaintiff's case.[2]

---

1. Although the Secretary filed May 17, 1984 an administrative record without a transcript of the hearing before the Administrative Law Judge, she has acknowledged and the Court finds that a meaningful review of the administrative decision is impossible without inspection of the substance of the claimant's testimony at such hearing.

2. It is noted that the United States Supreme Court's recent decision in *Heckler v. Day,* —— U.S. ——, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), did not preclude an award of interim benefits where the Secretary had delayed resolution of a disability benefits entitlement dispute. *Id.* —— n. 34, 104 S.Ct. at 2258 n. 34.