**Barbara COHEN, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Department of Health and Human Services, Defendant.**

**No. 84 Civ. 1950–CSH.**

United States District Court, S.D. New York.

Dec. 20, 1984.

Gerald Schwartz, New York City, for plaintiff Jewish Board of Family and Childrens Services.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Donna H. Lieberman, Sp. Asst. U.S. Atty., New York City, of counsel.

### MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff, Barbara Cohen, instituted this action to obtain review of a final decision by the Secretary of Health and Human Services ("Secretary") denying her Supplemental Security Income ("SSI") which she sought as a disabled person pursuant to 42 U.S.C. §§ 1381 *et seq.* The initial agency

ruling was adverse to plaintiff. An Administrative Law Judge ("ALJ"), in an opinion dated November 17, 1983, found that plaintiff was not eligible for SSI. The Appeals Council upheld the ALJ by order dated February 2, 1984. Her administrative remedies having been exhausted, plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) by a complaint filed on March 20, 1984.

The Secretary has yet to file an answer. The Court granted various extensions of time in response to the Secretary's statement (through counsel) that she needed additional time to prepare and file an answer as soon as the transcript of the proceedings before the ALJ was available. However, by notice of motion filed on October 19, 1984, the Secretary advised for the first time that "the tape of the prior hearing cannot be located." Affidavit of Donna H. Lieberman, Esq., verified October 18, 1984 at p. 2, ¶ 5. In these circumstances, the Secretary prays for a remand for a hearing de novo.

Plaintiff resists this application. In a cross-motion, plaintiff asks that the Court declare her disability as a matter of law, on the basis of the ALJ's own findings, thereby establishing her eligibility for SSI benefits. In the alternative, and in the event of a remand, plaintiff asks for an order directing the payment of interim benefits.

■ There must be a remand in this case. Plaintiff asks me, in effect, to pronounce that most humiliating of judgments for a lower court: "reversed on the opinion below." I conclude that, under the statutory scheme, I lack the authority to do so. Plaintiff's counsel cites me to no case where a district court has reversed the Secretary's action in the absence of a full administrative record. I decline to do so here.

That leaves the question of interim benefits pending remand. The Secretary's behavior in this case is, of course, outrageous. The ALJ, while denying benefits, specifically found in his opinion that "[t]he medical evidence establishes that the claimant has severe depression...." Findings of Fact ¶ 2. The case accordingly should be treated with some urgency. But it took the Secretary seven months (from the filing of the complaint on March 20, 1984 to the motion to remand on October 19) to do no more than discover that the tape of the prior hearing was lost. Clearly, plaintiff faces significant additional delay before the Secretary will be in a position to complete the discharge of her statutory responsibilities.

■ I will make an order for interim benefits in this case. While the Secretary challenges my jurisdiction and authority to do so, at least three district judges have directed the payment of interim benefits in comparable circumstances. LaBonne v. Heckler, 574 F.Supp. 1016 (D.Minn.1983), appeal dismissed, 732 F.2d 161 (8th Cir. 1984); Moser v. Heckler, 587 F.Supp. 158 (D.S.D.1984); Flannery v. Secretary, Health and Human Services, 583 F.Supp. 347 (E.D.Ky.1984). I agree with the analyses expressed in those cases, and elect to follow them. There is apparently no authority squarely on point in this Circuit.

The Secretary argues that an order for interim benefits in this case is foreclosed by the Supreme Court's decision in Heckler v. Day, — U.S. —, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). I do not agree. In Day, Chief Judge Holden of the District of Vermont had issued an injunction on behalf of a statewide class that required the Secretary to adjudicate all future disputed disability claims according to judicially established deadlines, and to pay interim benefits in all cases of noncompliance with those deadlines. The Second Circuit affirmed, Day v. Schweiker, 685 F.2d 19 (2d Cir.1982), holding inter alia that "the interim payments at issue here flow from the district court's inherent powers to fashion a remedy," id. at 24. The Supreme Court vacated the Court of Appeals' judgment and remanded the case, on the ground that the proscription of deadlines for agency adjudication of disability claims constituted an unwarranted judicial intrusion into a regulatory area. The Supreme Court spe-

cifically left open the question of interim benefits, stating at 104 S.Ct. at 2258 n. 34:

"The District Court's order requiring the payment of interim benefits was conditioned on noncompliance with the injunction. Because we have held that the injunction is invalid, we need not address the propriety of that part of the District Court's order requiring payment of interim benefits."

I do not read in that careful statement, or in the Court's actual holding in *Day*, a blanket prohibition of interim benefits in an individual case where the Secretary's failure to deal with a claim within a reasonable period of time is as egregious as that in the case at bar. I make an order for interim benefits in this case as a function of equity, and in the exercise of my discretion, because I take the view that in the circumstances of this case, that remedy "is barred neither by an explicit statutory restriction nor by implication," Marshall, J., for the four dissenting justices in *Day*, at 104 S.Ct. 2264.

In consequence, it is hereby ORDERED AND ADJUDGED as follows:

(1) This case is remanded to the Secretary for a hearing *de novo* into the plaintiff's eligibility to receive SSI benefits.

(2) Interim benefits shall be paid to the plaintiff monthly, beginning immediately, in the amount equal to what the plaintiff would receive if found eligible for the benefits she is claiming.

(3) These interim benefits shall cease in the event that the ALJ again rejects plaintiff's claim. In the event that such adverse decision is filed in the middle of the month, the plaintiff will be entitled to full benefits for that month.

(4) If in a final adjudication it is determined that the benefits paid were not due the plaintiff, the same overpayment and recoupment procedures apply as are available to any recipient of benefits from the Social Security Administration.

The Clerk of the Court is directed to place this action on the Court's suspense docket pending further action by the Secretary.