**Alison DANDENEAU, Social Security No. 006–60–2047, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. 84–0367 P.**

United States District Court, D. Maine.

April 23, 1985.

Arthur R. Dingley, Holder & Grover, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER FOR REMAND AND PAYMENT OF BENEFITS PENDING DECISION ON THE MERITS

GENE CARTER, District Judge.

This is an action brought under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Secretary of Health and Human Services which denied Plaintiff's applications for disability insurance benefits and supplemental security income payments.

This Court granted the Secretary's Motion for Extension of time to file the administrative record on January 18, 1985. The Secretary sought extension on the ground that the hearing transcript contained 139 "inaudibles" within 22 pages.

The Secretary filed the administrative record on February 4, 1984. The hearing transcript is prefaced by the following remark by the Secretary's transcriber:

> The recording of this hearing was done with improper recording. I had the transcriber all the way up and everything came out a whisper. The whole first side was impossible to hear and there are a lot of blank spaces on the rest of the transcription because of this.

Record at 24.

The claimant; Carlyle B. Voss, M.D., a Medical Advisor to the Secretary; and Barbara Blue, a vocational expert, testified at the hearing. In his decision, the ALJ relied heavily upon the testimony of Dr. Voss. *See* Record at 19. Plaintiff here challenges Dr. Voss's conclusion that Plaintiff's impairment does not meet or equal that listed in Section 12.04(A) and (B) of Appendix 1 to 20 C.F.R. Part 404, Subpart P. The Court must have an accurate transcript of Dr. Voss's testimony in order to conduct adequate judicial review. Due to recording or transcription difficulties, Dr. Voss's testimony has virtually been rendered incomprehensible. Therefore, the case must be remanded for a new hearing. If the Secretary continues to rely on Dr. Voss's opinion, his testimony must be taken again. In addition, if the testimony of the claimant is relevant to the issue as to whether her impairment met or equaled the listings, as raised by Plaintiff in her action for judicial review, her testimony must also be retaken.

The Secretary has the burden of compiling and filing a transcript of the record "including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). By offering this woefully defective transcript, the Secretary has utterly failed to fulfill her statutory obligation. Section 405(g) further provides in pertinent part:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary...

Here, the Secretary has not moved for remand, but she has made remand necessary by filing a defective transcript. Good cause has not been shown. *See Poliquin v. Heckler*, 597 F.Supp. 1004, 1006 (D.Me. 1984).

The delay occasioned by the need for remand prejudices the claimant, who will be forced to wait for judicial review of her claim. If the transcript had been adequate, this Court would have decided this case on or about the date of this decision. Accordingly, to redress the prejudice, the Court will order the Secretary to pay the claimant disability and supplemental security income benefits beginning the date of this decision and continuing until this Court issues a decision on the merits of Plaintiff's request for judicial review. *See Poliquin*, 597 F.Supp. at 1007; *LePage v. Heckler*, Civil No. 84–0123–P (D.Me. June 19, 1984) (unpublished order); *Longley v. Heckler*, Civil No. 84–0088–P (D.Me. June 29, 1984) (unpublished order).

Accordingly it is ORDERED:

(1) that this case be, and is hereby, *REMANDED* to the Secretary for further proceedings in accordance with this Order for Remand; and

(2) that the Secretary shall award Plaintiff disability and supplemental security income benefits commencing the

date of this Order and continuing until this Court issues a final decision on Plaintiff's request for judicial review. Payment of such benefits shall commence no later than twenty (20) days from the date of this Order.

(3) The Court retains jurisdiction for purposes of overseeing and enforcing the Secretary's compliance with paragraph 2 of this Order.

So ORDERED.