**Betty L. TAYLOR, Appellee,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellant.**

**No. 85–1018.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1985.

Decided Aug. 5, 1985.

Jason R. Baron (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., Randolph W. Gaines, Deputy Asst. Gen. Counsel, Baltimore, Md., on brief), for appellant.

J. David Tolbert, Charlotte, N.C. (Gerdes, Mason, Brunson, Wilson & Tolbert, Charlotte, N.C., on brief), for appellee.

Before PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

The Secretary of Health and Human Services appeals an order of the United States District Court for the Western District of North Carolina granting interim social security disability benefits to the claimant during the pendency of the district court's remand of this action to the Secretary. Because we find no authority for an interim benefit award we now reverse the district court.

I

In August 1982, an Administrative Law Judge (ALJ) awarded Betty L. Taylor benefits for a period of disability from October 1, 1979 to October 1, 1980. The award denied benefits after October 1, 1980. On review the Appeals Council remanded the matter to the ALJ for further proceedings. The ALJ affirmed his prior decision, but granted an additional two months of disability benefits. In March of 1984, the Appeals Council refused to review this latter decision.

Taylor timely filed this action seeking review in the district court. In August of 1984, the Secretary then moved for a remand to the ALJ for a new hearing, on the grounds that the recording of the original hearing was inaudible and thus a transcript could not be prepared for review. The

district court granted the Secretary's motion but, obviously concerned about the impact of administrative delay on claimant, also awarded interim monthly benefits in the amount to which Taylor would be entitled if found disabled, the interim benefits to continue through the pendency of this action.

The Secretary appeals this award of interim benefits.*

## II

Taylor defends the award of interim benefits on alternative grounds. First, she claims that the award was authorized under 42 U.S.C. § 423(g), "Continued payment of disability benefits during appeal." Second, she claims that even if not statutorily authorized, it was within the court's general remedial power to order such an award. We think authority can be found in neither.

42 U.S.C. § 423(g) authorizes interim benefits to individuals appealing the termination of their disability benefits on account of an official determination that they are no longer disabled. S.Rep. No. 648, 97th Cong., 2d Sess. 6–7 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad.News 4373, 4377–78; H.Conf.Rep. No. 985, 97th Cong., 2d Sess. 10 (1982), *reprinted in* 1982 U.S. Code Cong. & Ad.News, 4399, 4400. 42 U.S.C. § 423(g)(1)(a) provides that the section applies "(1) in any case where (a) an individual is a recipient of disability insurance benefits...."

Taylor is not a recipient of benefits whose benefits are being terminated due to cessation of her disability. In fact the entire purpose of these proceedings is to establish Taylor's period of disability so she may eventually become a "recipient." 42 U.S.C. § 423(g) does not authorize an award of interim benefits to Taylor.

Taylor relies on *Day v. Schweiker*, 685 F.2d 19 (2d Cir.1982), for her claim that the district court's award was authorized under

the court's general remedial power. In *Day* the Second Circuit upheld a district court's order that the state agency issue reconsideration determinations within 90 days of requests for reconsideration of initial denial of benefits, and that ALJs provide hearings within 90 days after request is made for a reconsideration hearing. The district court had also ordered payment of interim benefits to any claimant who did not receive a reconsideration determination within 180 days of the request for reconsideration or who did not receive a hearing within 90 days of a hearing request.

Without reaching the interim benefits issue, the Supreme Court reversed *Day* on the basis of the district court's imposition of deadlines on the state agency. *Heckler v. Day*, 467 U.S. 104, ——, 104 S.Ct. 2249, 2258, 81 L.Ed.2d 88 (1984). The opinion's rationale however supports our view that the award of interim benefits there, as here, was equally without legal basis.

The Court's reversal in *Day* noted that Congress had considered and rejected mandatory deadlines on the social security appeals process and "in light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." 467 U.S. ——-——, 104 S.Ct. at 2258. Where Congress has made specific provision for interim benefits in a restricted context, we think that, similarly, it does not lie with the courts, for whatever worthy purposes, to order their payment in other contexts of this pervasively regulated area.

The judgment of the district court is therefore reversed.

REVERSED.

---

* At oral argument counsel suggested that this action might be mooted by the anticipated action of the Secretary on remand. However this court was later advised of the Secretary's final decision to award a period of benefits from

October 1, 1979, through December 31, 1981. In light of this partially unfavorable outcome for Taylor and the potential for further litigation in this matter, we believe the action is not moot and thus address the merits.