**Doris MASON–PAGE
(Quackenbush) Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–817.**

United States District Court,
D. New Jersey.

March 2, 1987.

Joel Solow, Freeman & Bass, Newark, N.J., for plaintiff.

Thomas Bryan, Asst. U.S. Atty., Newark, N.J., for the Secretary of HHS.

SAROKIN, District Judge.

Plaintiff is presently awaiting a final decision from the Secretary on her application for disability benefits following a remand order by this Court dated June 12, 1984. Plaintiff now moves for an order granting interim benefits pending that final decision, on the grounds that the Secretary has unreasonably delayed decision in this matter.[1]

## BACKGROUND

Plaintiff filed her initial application for benefits on May 19, 1981, claiming total disability due to arthritis, phlebitis, and pain. After an adverse determination by the Appeals Council, plaintiff brought suit in this court pursuant to 42 U.S.C. § 405(g) for review of the agency's decision.

While the federal suit was pending, plaintiff initiated a second disability application in April 1983. On June 7, 1984 Administrative Law Judge Greenridge issued a decision recommending that plaintiff be found disabled. The Appeals Council determined that absent additional testimony by a vocational expert as to the number of jobs claimant was capable of performing, it was unable to adopt the June 7, 1984 disability recommendation.

On June 12, 1984 this court remanded the original matter to the Secretary for further fact-finding. The Appeals Council consolidated its remand of the June 7, 1984 disability determination with this court's remand and reassigned the matter to ALJ

Fliegler. A hearing on the outstanding fact issues was not held until June 5, 1985; a delay of nearly 12 months.

As a result of scheduling difficulties, the unavailability of medical advisors and the intervening amendment of the Mental Impairment Listings, Section 5 of the 1984 Disability Amendments, in August 1985, which necessitated that plaintiff submit to additional psychiatric examinations pursuant to the new guidelines, the second day of hearings was not held until February, 18 1986.

In March 1986, plaintiff was notified that her testimony from this February hearing had been lost as a result of an inaudible tape recording. At this juncture, ALJ Fleiger recused himself from further consideration of the matter and in April 1986 the case was reassigned to ALJ Bracken.

A hearing before ALJ Bracken was held on June 6, 1986. Plaintiff's counsel moved to have the previously tape recorded testimony of her treating physician, Dr. Chaney, admitted for the information of the agency's physicians and vocational expert present. A disagreement arose as to the propriety of such admission, resulting in further adjournment. Another hearing scheduled for August 8, 1986 was cancelled due to a death in claimant's family. Hearings resumed on September 11, 1986 and concluded on October 10, 1986.

On November 7, 1986 ALJ Bracken issued a decision recommending that plaintiff be entitled to a period of disability commencing on July 1, 1982. This recommendation is now pending before the Appeals Council awaiting final disposition.

## DISCUSSION

### I. JURISDICTION

As a preliminary matter, the Secretary's memorandum of law has taken the position that this Court is barred from awarding interim benefits under Title II of the Social Security Act in this case, since the Act

---

**1.** Plaintiff's Notice of Motion speaks in terms of requiring the Secretary "to commence immediate Social Security Disability Benefit payments" rather than interim benefit payments. While the court lacks the ability to determine "recipient" status for disability purposes, it may consider interim benefit applications. *See Gilliland v. Heckler,* 786 F.2d 178, 184 (3rd Cir.1986). As the Secretary's brief makes clear that he has understood the issue to be payment of interim benefits as well, the court will proceed with an interim benefits analysis.

provides no authority which would waive the Government's defense of sovereign immunity.

■ The Secretary first bases this conclusion on the argument that interim benefits are barred by 42 U.S.C. § 405(i) which permits payment only after a "final decision" by the Secretary that a person is "entitled" to benefits. Since a final decision has not yet been reached on plaintiff's case, the defendant contends that the requested interim benefits would violate the provisions of § 405(i).

This argument has been considered and explicitly rejected by other courts confronted with the same issue. *See e.g. Scacchetti v. Secretary of Health & Human Services*, No. 83–299 (W.D.N.Y.1985). In *White v. Mathews*, 559 F.2d 852 (2nd Cir.1977), *cert. denied* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), the Second Circuit held that Section 405(i) is directed at "the ordinary situation in which payments become due after favorable administrative adjudication, or judicial review," and does not "exclud[e] the possibility of interim payments ordered by a court exercising its remedial power". *Id.* at 861. *See also Cohen v. Heckler*, 599 F.Supp. 837, 839 (1984) ("I make an order for interim benefits in this case as a function of equity, and in the exercise of my discretion . . .").

The disability benefits program is designed to alleviate the immediate and often severe hardships that result from a wage-earner's disability. "Applicants for Social Security disability benefits typically have no other resources to meet their minimal needs for subsistence". *Webb v. Richardson*, 472 F.2d 529, 538 (6th Cir.1972). Many need immediate assistance to prevent irreparable harm to their health and well-being. In this context, delays of more than one year in merely affording an evidentiary hearing detract seriously from the effectiveness of the benefits program.

42 U.S.C. § 405(b) implicitly requires the Secretary to provide individuals applying for benefits with a hearing within a "reasonable" period of time.[2] "Although what is reasonable depends upon a variety of circumstances, that statutory command should not be ignored". *White v. Mathews, supra.* Accordingly, where the Secretary fails to render a disposition within a "reasonable" time, whether inadvertently or intentionally, a district court retains inherent power to fashion an appropriate remedy, including awarding interim benefits.[3]

■ The Secretary relies on the case of *Taylor v. Heckler*, 769 F.2d 201 (4th Cir. 1985) for the proposition that interim benefits may not be awarded while a matter is pending on remand. In *Taylor* the Fourth Circuit explicitly rejected the notion of a "general remedial power" which authorized district courts to award interim benefits. The *Taylor* court ruled that this conclusion was compelled by the Supreme Court's decision in *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). This court disagrees.

**2.** In *White v. Mathews*, 559 F.2d 852 (2nd Cir. 1977), *cert. denied* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978) the Second Circuit read 42 U.S.C. 405(b) to require that the Secretary provide individuals applying for benefits with a hearing within a "reasonable" time.

42 U.S.C. Section 405(b) provides that the "Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment [of benefits]". Thereafter, upon request of a claimant, the Secretary is directed to provide him with "reasonable notice and an opportunity for a hearing" with respect to the decision complained of.

**3.** The Third Circuit has recognized and reaffirmed the remedial power of a district court to fashion equitable remedies where disability benefits applicants are prejudiced by agency delay. For example, in *Paskel v. Heckler*, 768 F.2d 540 (3rd Cir.1985), the Third Circuit upheld an award of interim benefits to individuals whose disability payments had been terminated by the Secretary and who were awaiting final dispositions of their administrative appeals. The Third Circuit reasoned that a "final" decision as required by 42 U.S.C. Section 405(i) had already been reached in these cases at the time benefits were initially awarded such that interim payments were not precluded by the statutory finality requirement. While this rationale does not apply in cases such as this where no determination of eligibility has been made, *Paskel* does endorse the exercise of a judicial remedial power to award interim benefits where appropriate.

In *Heckler v. Day* the Supreme Court reviewed a Second Circuit decision to uphold a district court order imposing time limits on initial and reconsideration determinations by the State agency and ALJ hearings and ordering payment of interim benefits to any claimant who did not receive his determination or hearing within the prescribed time limits.

The Supreme Court reversed, finding that the imposition of mandatory deadlines on a class-wide basis would jeopardize the quality and uniformity of agency decisions. Yet, the Supreme Court specifically left open the question of whether interim benefits could be awarded in individual cases. *Heckler v. Day,* 467 U.S. 104, 119 n. 34, 104 S.Ct. 2249, 2258 n. 34, 81 L.Ed.2d 88 (1984).[4]

The *Heckler* Court made clear that it objected to the mandatory deadlines because they were "unduly intrusive" upon the workings of the Administration; but the same is not true of interim benefits. The award of interim benefits, subject to curative overpayment and recoupment procedures, places no restrictions on the Administration's decision-making authority, nor does such award impair the Administration's ability to reach careful, reasoned decisions. Moreover, the *Heckler* court explicitly stated that the exercise of equitable discretion on an *individual,* case by case basis ·was not precluded by its ruling. *Heckler, supra,* 467 U.S. at 119 n. 33, 104 S.Ct. at 2258 n. 33 ("We make clear that nothing in this opinion precludies the proper use of injunctive relief to remedy individual violations of Section 405(b)").

For these reasons, this court rejects the Secretary's suggestion that *Heckler v. Day* established a "blanket prohibition" of interim benefit awards during the pendency of disability applications.

██ Finally, the Secretary argues that an award of interim benefits is barred by the Social Security Act in the absence of specific Congressional authorization, since Congress has in recent years amended the

Act to provide for interim benefits under specific circumstances not present here. On this point the court finds persuasive, and adopts, the Second Circuit's reasoning in *City of New York v. Heckler,* 742 F.2d 729, 740 (2nd Cir.1984).

In that case the Second Circuit held: "We do not construe the recent amendment to Section 223 of the Act ... codified at 42 U.S.C. Section 423(g) ..., as indicating a congressional understanding that federal courts lacked remedial power to order the award of interim benefits in appropriate circumstances ... We see no reason to think that Congress, in authorizing interim benefits during administrative appeals, believed that such benefits were not available during pursuit of judicial remedies. The more plausible interpretation is that Congress was anxious to fill a gap and ensure continuity of benefits on the understanding that, after administrative remedies were pursued, courts had adequate authority to continue interim benefits". 742 F.2d at 740.

This court does not read the lack of specific Congressional authorization as a restriction on the court's inherent equitable power.

## II. BENEFITS

██ Having determined that this court may in its discretion award interim benefits, it remains to decide whether such equitable relief is warranted on these facts.

The procedural history outlined above is replete with examples of egregious delay. The nearly 12 month lapse between this court's remand order and the first post-remand evidentiary hearing is but one example of the unreasonable disregard of plaintiff's interest in an expeditious resolution of her disability application.

The loss of plaintiff's testimony due to an inaudible tape recording and the unavailability of Administration medical advisors, while inadvertent, nervertheless unnecessarily prolongs the review process forc-

---

4. The four dissenting Justices who reached the question agreed that the remedy was "barred neither by an explicit statutory restriction nor

by implication". *Heckler, supra,* 467 U.S. at 131, 104 S.Ct. 2264 (Justice Marshall).

ing plaintiff to bear the burden of continued delay.

While cognizant of the administrative difficulties which plague the Social Security Administration, this court cannot condone the nearly two year delay between its June 1984 remand order and the ALJ's November 1986 recommended decision.

In light of the excessive delay plaintiff has endured, this court will order interim benefit payments to begin immediately. Awarding interim benefits provides an equitable solution to the difficult problem of balancing administrative difficulties and the applicant's needs.

Particularly where, as here, the ALJ has recommended that plaintiff be entitled to disability benefits as of July 1, 1982 this court believes interim benefits are appropriate. In the event that the Appeals Council rejects this recommended decision, and determines that plaintiff is not disabled, the interim benefits shall cease and the standard overpayment and recoupment procedures for any Social Security action shall apply.

III. CONCLUSION

Plaintiff's motion for interim benefits is granted pursuant to the conditions set forth in the accompanying order.

### ORDER

This matter having been opened to the court on plaintiff's motion for an award of interim benefits pending the final decision on her disability benefits application by the Secretary of Health and Human Services, and this court having considered the submissions of both parties and for the reasons set forth in the accompanying opinion filed this day,

IT IS this 2 day of March 1987 hereby ORDERED that:

1. Interim benefits shall be paid to the plaintiff monthly, beginning immediately, in the amount equal to what the plaintiff would receive if found eligible for the benefits she is claiming.

2. These interim benefits shall cease in the event that the Appeals Council again rejects plaintiff's claim. In the event that such adverse decision is filed in the middle of the month, the plaintiff will be entitled to full benefits for that month.

3. If in a final adjudication it is determined that the benefits paid were not due the plaintiff, the same overpayment and recoupment procedures apply as are available to any recipient of benefits from the Social Security Administration.