848 F.Supp. 1141 (1994)
Homero DAVILA on behalf of Erick Davila, Plaintiff,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Defendant.
No. 93 Civ. 4884 (VLB).
United States District Court, S.D. New York.
April 11, 1994.
*1142 Guilene Cherenfant, Bronx Legal Services, Bronx, NY, for plaintiff.
Susan D. Baird, Asst. U.S. Atty., New York City, for defendant.

MEMORANDUM ORDER
VINCENT L. BRODERICK, District Judge.

I
This case presents the dilemma created when an administrative agency loses its own records and fails to reconstruct them or conduct a new inquiry on the merits, resulting in penury or at least serious hardship for an impoverished citizen.
The case, brought under the Social Security Act, 42 U.S.C. § 405(g), seeks review of a final determination of the defendant Secretary of Health and Human Services (the "Secretary") which denied plaintiff's application for Supplemental Security Income. This court has jurisdiction under 28 U.S.C. § 1331.
The Secretary has moved to remand the case under sentence six of 42 U.S.C. § 405(g). Plaintiff has cross-moved for remand *1143 for a limited time period and an award of interim benefits.
For the reasons stated below,
(1) This case is remanded to the Secretary for preparation of an adequate record;
(2) Plaintiff's application is granted for interim relief consisting of the monthly Social Security benefits plaintiff would be entitled to if he were successful on the merits of his claim as set forth in the complaint, with payments to begin within 20 (twenty) days of the date of this memorandum order;
(3) Such benefits will be paid until a new investigation into plaintiff's eligibility is conducted and its results included in a new record or the file is located or reconstructed, and the Secretary makes a showing upheld by this court based on that record that plaintiff is not entitled to those benefits. If it is determined after final adjudication of his claim on the merits that plaintiff was not entitled to benefits paid, the overpayment and recoupment procedures available with respect to any recipient of benefits from the Social Security Administration will apply.
(4) The court retains jurisdiction of this case pending determination of the merits of plaintiff's claim.

II
On August 8, 1989, plaintiff filed an application for Supplemental Security Income benefits under Title XVI of the Social Security Act on behalf of his son, then eight years old. Plaintiff's claim of entitlement to benefits was denied by an Administrative Law Judge on June 12, 1992 because real estate (the "property") in Florida owned by the plaintiff/father was counted as an "available resource" that exceeded the statutory limit of $2,000. On May 14, 1993 the Secretary rendered a final decision by denying plaintiff's request for review of the Administrative Law Judge's decision and upholding that determination (the "Secretary's final decision"). The Secretary also rejected plaintiff's request for conditional payment of benefits while plaintiff attempted to dispose of the property because he had "liquid resources" of $2,650.[1]
Plaintiff filed a complaint in this court on July 16, 1993 seeking judicial review under 42 U.S.C. § 405(g) of the Secretary's final decision. The agency was granted an extension of time to answer on the grounds that the administrative office responsible for civil actions and hearings on claims was unable to locate plaintiff's administrative file. Because of the absence of agency's official file, a transcript of the record has not been prepared as required for judicial review of the administrative decision, 42 U.S.C. § 405(g), sentence three, although a limited file appears to be available, particularly the letter transmitting the Secretary's final decision (see note 1 above).
The total elapsed time since plaintiff's initial application is nearly five years; the agency became aware of the loss of the file over six months ago. The agency, which has not yet answered the complaint, seeks an order remanding this case pending preparation of a transcript. The administrative officer responsible for the case file asserts in a sworn statement that he is awaiting information from a local office and will expedite preparation of the transcript once the files are received.
While agreeing that an administrative record is necessary and that additional time is warranted to enable the Secretary to produce the administrative record or reconstruct the original claims file, plaintiff is concerned about the potential length of additional delay.

III
Under 42 U.S.C. § 405(g), sentence six, the court is authorized after a complaint has been filed in federal court:

*1144 ... on motion of the Secretary made for good cause shown before ... answer, [to] remand the case to the Secretary for further action by the Secretary ...
See Melkonyan v. Sullivan, 501 U.S. 89, ___, 111 S.Ct. 2157, 2164 n 2, 115 L.Ed.2d 78 (1991). The Secretary bears the burden under the statute of providing as part of the answer to the plaintiff's request for judicial review "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," 42 U.S.C. § 405(g), sentence three.
Where, as here, a case involves administrative procedural difficulties such as failure by the agency to obtain the files or reconstruct a record, good cause exists for permitting remand to the Secretary for appropriate action to produce a record, a circumstance contemplated in the Conference Report accompanying the Social Security Disability Amendments of 1980, Pub.L. No. 96-265, 94 Stat. 441 (in pertinent part eliminating the Secretary's authority to remand cases unilaterally and shifting that authority to the court). Caulder v. Bowen, 791 F.2d 872, 876 (11th Cir.1986); Conf.Report, No. 944, 96th Cong., 2d Sess. 58, reprinted in U.S.Code Cong. & Admin.News 1277, 1392, 1406; see Taylor v. Heckler, 769 F.2d 201 (4th Cir.1985) (remand where recording of original hearing inaudible); Cohen v. Heckler, 599 F.Supp. 837 (S.D.N.Y.1984) (transcript lost); Marguccio v. Secretary, 586 F.Supp. 886 (W.D.N.Y.1984) (blank tape recording of hearing); Dandeneau v. Heckler, 607 F.Supp. 583, 584 (D.Me.1985) (inaudible recording rendering testimony of key witness incomprehensible).
If unable to reconstruct the record, the agency could also conduct an expedited investigation to create a new record on which a currently appropriate decision could be rendered subject to judicial review. In this case, for example, an inquiry could be made to determine what property if any the plaintiff/father now has and whether it is a liquid asset or would fall within whatever criteria would support an agency ruling based on substantial evidence and otherwise enable the reviewing court to evaluate the decision under 5 U.S.C. § 706.
Plaintiff's dispute is not with the appropriateness of remanding this case but rather with the risk of prejudicial delay by the agency in the absence of any incentive to move the action forward.
The agency's contention that diligent efforts have been made to trace the claims file does not undercut legitimate concerns about delay in a case such as the one now before me where plaintiff's original claim was initiated nearly five years ago and the agency's search for the file subsequent to the filing of this lawsuit has been ongoing for almost seven months. Where a government agency fails to act with all deliberate speed in performing its duties or correcting its own failure to maintain its own records, the private party should not be placed at a cruel disadvantage because of the resulting delay. See Dollar Dry Dock Bank v. Denning, 148 F.R.D. 124 (S.D.N.Y.1993).[2] This is especially true where the impact relates to the welfare of a child who may be denied necessities of life. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (ex-parte garnishment of wages constitutionally vulnerable).
A court has the power to provide alternate relief without intruding upon an agency's authority to manage its own affairs which would be curtailed if mandatory deadlines were imposed. See Heckler v. Day, 467 U.S. 104, 112, 104 S.Ct. 2249, 2254, 81 L.Ed.2d 88 (1984). The court may provide a remedy for the consequences of administrative delay if excessive and prejudicial to a private party. "The remanding court is vested with equity powers and, while it may not `[intrude] upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.'" Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir.1981), quoting Ford Motor Co. v. NLRB, 305 U.S. 364, 373, 59 S.Ct. 301, 306-07, 83 L.Ed. 221 *1145 (1939). The strong possibility of additional undue and prejudicial delay after remand where a search is open-ended adds weight to the appropriateness of a remedial action on behalf of a claimant in such circumstances.
It would not be an acceptable outcome to rule that an administrative agency can defeat rights of a claimant to benefits simply by not diligently locating or reconstructing its records. At a certain point failure of a governmental agency, like any other party, to supply information which it can provide or reconstruct supports an inference that those materials if unearthed would contradict the position of the entity. See generally, Gray v. Great American Recreation Ass'n, 970 F.2d 1081, 1082 (2d Cir. 1992); United States v. Torres, 845 F.2d 1165, 1169 (2d Cir.1988). This would permit a final judgment in favor of the claimant since no material supporting any of the conclusory statements in the May 14, 1993 letter constituting the final decision has been discovered.
A lesser remedy is available in the form of interim benefits to continue until the agency locates or reconstructs the file, at which point a more informed ruling on the ultimate merits can be considered. Interim awards of benefits, available by statute in cases involving challenges to termination of Social Security benefits previously granted, 42 U.S.C. § 423(g), have been held within the remedial power of the court in a case contesting denial of an original entitlement to Social Security benefits where special circumstances exist. Such circumstances include a claimant who "is faced with unreasonable delay attributable to the Secretary," Weiser v. Secretary of Dep't of Health, 645 F.Supp. 602, 603 (S.D.N.Y.1986) (Conner, J.). See Saltares v. Bowen, 711 F.Supp. 162, 164 (S.D.N.Y.1989) (Kram, J.) (circumstances do not warrant interim benefits), citing cases in this court where benefits were granted.
Each instance involving missing government documents must be evaluated separately according to the nature of the items, the options available to the agency, the hardship to the applicant, the strength of the applicant's claim, the period of delay involved, and so forth. See Cohen v. Heckler, 599 F.Supp. 837, 838-39 (S.D.N.Y.1984) (Haight, J.). No blanket rule dealing with situations of this type can be formulated. Heckler v. Day, 467 U.S. 104, 119 n. 33, 104 S.Ct. 2249, 2258-58 n. 33, 81 L.Ed.2d 88 (1984). Interim benefits are warranted where the original claim was filed nearly five years ago, the welfare of a child is at stake, the scant record presently available may support an ultimate finding in favor of the claimant, and the file has not been recovered despite a search now on-going for over a half a year, constituting delay attributable to the Secretary.
Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), did not reach the issue of whether the District Court had the remedial authority to require the payment of interim benefits in original entitlement cases. It would be dangerous to the agency's operations with limited resources if interim benefits were granted because of delay alone which would amount to the equivalent of establishing a deadline or limiting the broad authority of the Secretary to "ensure quality decisions in the face of heavy and escalating workloads and limited agency resources" contrary to Heckler v. Day, 467 U.S. 104, 112, 104 S.Ct. 2249, 2254, 81 L.Ed.2d 88 (1984); Dougherty v. Bowen, 839 F.2d 644, 647 (10th Cir.1988). However, if the information available shows a determination that would appear groundless unless the agency finds, reconstructs the record or conducts a new hearing providing a substitute record, interim benefits constitute a lesser step than deciding the merits on the basis of a skimpy record.
Taylor v. Heckler, 769 F.2d 201 (4th Cir. 1985), denied such relief but there was no contention there of a finding that it would have been possible for the court to rule in favor of the applicant on the merits based on existing materials available because where any party has failed to provide information within its control reasonably promptly, an adverse inference can be drawn.

IV
It is appropriate for a district court to retain jurisdiction in remanding an action *1146 under sentence six of 42 U.S.C. § 405(g). Melkonyan v. Sullivan, 501 U.S. 89, ___, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). A precondition of a sentence six remand is that the Secretary must move for such relief before having the opportunity to defend the agency's decision by answering the complaint.[3] "The Secretary's opportunity to neither admit nor deny error is provided with the understanding that the plaintiff may return to the district court during the remand process to resolve disputes and/or seek interim relief." Seaborn v. Sullivan, 822 F.Supp. 121 (S.D.N.Y.1993).
Because neither the merits nor adequate information concerning them has yet been plumbed, interim relief alone is insufficient to achieve the "dual goals of meaningful judicial review of the decision to deny benefits and the expeditious, yet fair, adjudication" of Social Security benefit claims, which are "best served by remanding without relinquishing jurisdiction." Id. See Fernandez v. Sullivan, 809 F.Supp. 226, 227 (S.D.N.Y.1992).
SO ORDERED.
NOTES
[1] The "Action of Appeals Council on Request for Review" dated May 14, 1993 states that "the payment of conditional supplemental security income benefits is available only when an individual's total countable liquid resources do not exceed an amount equal to three times the applicable Federal benefit rate. The evidence of record establishes that you would not have been eligible to enter into a conditional benefit agreement to dispose of the land in 1991 because Exhibit 8 shows that you had liquid resources of $2,650.00 (20 CFR 416.1240(a))." Exh. to Def's Notice of Motion, Dkt # 4.
[2] On administrative delay, see MCI v. FCC, 627 F.2d 322, 340-42 (D.C.Cir.1980); Sheffington, Federal Administrative Delay, 28 Rocky Mt.Mining L.Inst. 671 (1982); Note, Judicial Review of Administrative Inaction, 83 ColumLRev 627 (1983).
[3] By contrast, remands under sentence four of 42 U.S.C. § 405(g) follow a "substantive ruling" by the district court. Melkonyan v. Sullivan, 501 U.S. 89, ___, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991).