Cleophas **MULLEN,** Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant.

**Civ. A. No. 94–286 LON.**

United States District Court, D. Delaware.

Feb. 28, 1995.

John S. Grady, of Grady & Hampton, Dover, DE, for plaintiff.

Patricia C. Hannigan, U.S. Attorney's Office, Wilmington, DE of Counsel: Randolph W. Gaines, A. George Lowe, Peter S. Krynski, Dept. of Health and Human Services, Washington, DC, for defendant.

## OPINION

LONGOBARDI, Chief Judge.

### I. NATURE AND STAGE OF THE PROCEEDINGS

This is a civil action for review of an administrative decision denying Plaintiff's claim for disability insurance benefits. Plaintiff filed his Complaint in this Court on June 2, 1994. [Docket Item ("D.I.") 1].

On August 12, 1994, in response to Plaintiff's Complaint, the Government filed a Motion for Remand. (D.I. 7). In support of this Motion, the Government asserts that the Appeals Council of the Department of Health and Human Services wishes to take further administrative action. (D.I. 7, ¶ 1). The Government requests this Court to remand Plaintiff's case to an Administrative Law Judge ("ALJ") to conduct a *de novo* hearing "because substantial portions of the tape recording of the hearing held on July 13, 1993 are inaudible." (D.I. 7, ¶ 2). According to the Government, the inaudibility of the tape constitutes "good cause" to justify a remand.

In response, Plaintiff contends that if this case is remanded, then he is entitled to an award of interim benefits until an Answer to the Complaint is filed. (D.I. 8, ¶ 1). Alternatively, Plaintiff requests this Court to listen to the tapes to determine how inaudible they are. (D.I. 8, ¶ 8).

In rebuttal, the Government contends that the Court should not award interim benefits if remand is granted because "Congress has not explicitly authorized the award of interim benefits in a situation like the present one." (D.I. 9, at 1). According to the Government, an award of interim benefits would be inappropriate because there has not been a "final judgment" by the Court, pursuant to 42 U.S.C. § 405(i). In support of its contention with regard to the inaudibility of the tapes, the Government has provided a transcript of the July 13, 1993 hearing. The transcript reflects, *inter alia*, that the entire testimony of Plaintiff's wife was inaudible.

### II. DISCUSSION

■ The Court is thus presented with two issues. First, the Court must decide whether a remand is justified in this case. If a remand is justified, then the Court must determine whether Plaintiff is entitled to an award of interim benefits.

### 1. Appropriateness of Remand

Title 42 U.S.C. § 405(g) provides in part:

The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary . . .

42 U.S.C. § 405(g) (Supp.1994). Based upon this provision, it is clear that the Court may remand this case to the Secretary if the Government demonstrates "good cause" for such a remand.

After reviewing the transcript of the hearing that was furnished by the Office of Hearings and Appeals, the Court finds that good cause for a remand is present in this case. According to the transcript, the entire hearing before the ALJ lasted twelve minutes. Of the twelve minutes, at least three full minutes of testimony were not transcribed because of inaudibility; these untranscribed three minutes constitute the entire testimony of Plaintiff's wife. A three-minute block of a twelve-minute hearing constitutes twenty-five percent of the hearing. In addition to the three minutes, there are several other instances during the remaining nine minutes of the hearing when testimony could not be

transcribed based upon its inaudibility. For these reasons, the Court finds that the Government has shown good cause to justify a remand.[1]

### 2. Interim Benefits

■ The Court now turns to the issue of whether Plaintiff is entitled to interim benefits in this case. A threshold issue exists, however, as to whether the Court even has the authority to award interim benefits in an initial entitlement action such as this one. The Court must address this threshold issue first.

Title 42 U.S.C. § 405(i) authorizes the payment of benefits upon "final decision" by the Secretary or upon "final judgment" by the Court that a claimant is entitled to payments. Based upon this provision, the Government argues that this Court lacks authority to award interim benefits in this case because there has been no final judgment by the Court. (D.I. 9, at 2). To be sure, the Government's position finds support in the case law. *See, e.g., Doughty v. Bowen,* 839 F.2d 644, 647 (10th Cir.1988) ("district court cannot use its remedial power to order interim disability payments for a person initially denied benefits."); *Taylor v. Heckler,* 769 F.2d 201, 202 (4th Cir.1985) (district court lacked authority to award interim benefits to Plaintiff).

Other courts, however, have found that district courts do indeed have the authority to order interim benefits to claimants in some situations, for example, where a claimant has faced unreasonable delay that is attributable to the Secretary. *See, e.g., Davila v. Shalala,* 848 F.Supp. 1141, 1145 (S.D.N.Y. 1994) ("Interim benefits are warranted where the original claim was filed nearly five years ago, the welfare of a child is at stake, the scant record presently available may support an ultimate finding in favor of the claimant, and the file has not been recovered despite a search now on-going for over a half a year, constituting delay attributable to the Secretary."); *Davenport v. Bowen,* 709 F.Supp.

634, 635 (E.D.Pa.1989) ("when a claimant is deprived of his right to a timely answer due to the Secretary's inability to locate files under his control, there is a prima facie case for interim benefits."); *Mason–Page v. Bowen,* 655 F.Supp. 255, 257 (D.N.J.1987) ("where the Secretary fails to render a disposition within a 'reasonable' time, whether inadvertently or intentionally, a district court retains inherent power to fashion an appropriate remedy, including awarding interim benefits."); *Weiser v. Secretary of the Department of Health and Human Services,* 645 F.Supp. 602, 603, 604 (S.D.N.Y.1986) ("in the exercise of its broad remedial powers, the Court may always award interim benefits where a claimant is faced with unreasonable delay attributable to the Secretary"; in this case, Plaintiff was awarded interim benefits because the Secretary's repeated delay throughout the history of the case was "little short of outrageous."); *Dandeneau v. Heckler,* 607 F.Supp. 583, 584 (D.Me.1985) (Secretary has the burden of compiling and filing a transcript; where a remand was necessitated by the defective transcript filed by the Secretary, interim benefits were awarded to claimant to redress the prejudice occasioned by the delay); *Cohen v. Heckler,* 599 F.Supp. 837, 839 (S.D.N.Y.1984) (the authority of a district court to order interim benefits is a function of equity, barred neither by statute nor by implication).

This Court disagrees with the reasoning and analyses of the district courts in *Davila, Davenport, Mason–Page, Weiser, Dandeneau,* and *Cohen,* and finds that this Court is without authority to order the Secretary to pay interim benefits to Plaintiff in the absence of some explicit statutory authorization. *See* U.S. Const. Art. I, § 9, cl. 7 ("No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law;"). As the Fourth Circuit in *Taylor* stated, "Where Congress has made specific provision for interim benefits in a restricted context, we think that, similarly, it does not lie with the courts, for whatever worthy purposes, to order their payment in other con-

---

**1.** Notwithstanding the Court's finding that good cause for remand exists, the parties to this suit stipulated to a remand during a teleconference with the Court on February 16, 1994. During

that same conference, the Government agreed to request expedited treatment of Plaintiff's case upon remand.

texts of this pervasively regulated area." *Taylor*, 769 F.2d at 202. Thus, this Court has no legal basis upon which to premise an award of interim benefits to Plaintiff.

 Even if this Court did have the authority to award interim benefits, however, the facts of this case are not such as would give rise to an award. On this point, the Court finds instructive the decisions of other courts that have awarded interim benefits to claimants as a result of administrative delay.

In *Davila v. Shalala*, 848 F.Supp. 1141, the Plaintiff filed a complaint in the district court on July 16, 1993 seeking review of the Secretary's final decision. *Id.* at 1143. The agency was granted an extension of time to answer the complaint on the ground that Plaintiff's administrative file could not be located, and a transcript could therefore not be prepared. Without answering the complaint, the agency requested the court to remand the case to the Secretary pending the preparation of a transcript.

After acknowledging the necessity of remanding the case to the Secretary, the *Davila* court considered the appropriateness of providing a remedy to Plaintiff for the consequences of the administrative delay. *Id.* at 1144. The Court noted that each instance involving missing documents must be evaluated "according to the nature of the items, the options available to the agency, the hardship to the applicant, the strength of the applicant's claim, [and] the period of delay involved." *Id.* at 1145. In that case, the Court observed that: 1) five years had elapsed since Plaintiff's initial application for benefits; 2) the agency had become aware of the lost file more than six months earlier and had yet to find it; and 3) the record that was then-available may have supported an ultimate finding in favor of the claimant. *Id.* at 1143. Based upon these facts, the *Davila* court found that interim benefits were warranted. *Id.* at 1145.

In *Mason–Page v. Bowen*, 655 F.Supp. 255, Plaintiff moved for an order granting interim benefits pending the final decision of the Secretary. In considering this motion, the court found that the procedural history of claimant's case was "replete with examples of egregious delay." *Id.* at 258. As examples of this egregious delay, the Court noted: 1) the twelve-month lapse between its remand order and the post-remand hearing; 2) the loss of Plaintiff's testimony due to an inaudible tape recording; and 3) the unavailability of Administration medical advisors. *Id.* In light of the "excessive" delay that Plaintiff had experienced, the *Mason–Page* Court ordered interim payments to begin immediately, observing that if the Appeals Council were ultimately to determine that Plaintiff was not disabled, then the interim benefits would cease and the standard overpayment and recoupment procedures for any Social Security action would apply. *Id.* at 259.

In *Weiser v. Secretary*, 645 F.Supp. 602, the Court observed that Plaintiff had initially applied for benefits almost five years earlier, and that she had since endured two hearings and two appeals and would now have to endure yet another hearing and appeal. *Id.* at 604. The Court opined that the Secretary's delay was especially troubling because the record "would appear to contain a significant amount of evidence suggesting that plaintiff is in fact disabled." *Id.* For all of these reasons, the Court directed the Secretary to award interim benefits to the Plaintiff.

The Court in *Cohen v. Heckler*, 599 F.Supp. 837, awarded interim benefits where the Secretary filed a motion to remand seven months after Plaintiff filed her complaint; the motion was based upon the fact that the tape of the hearing was lost. *Id.* at 838. In ordering the payment of interim benefits, the Court described the Secretary's behavior as "outrageous" and observed that the Secretary's failure to deal with Plaintiff's claim within a reasonable time was "egregious." *Id.* at 838, 839.

In *Dandeneau v. Heckler*, 607 F.Supp. 583, the Secretary filed a "woefully defective" transcript that contained 139 "inaudibles" within 22 pages. *Id.* at 584. The Court found that, although the Secretary had not moved for a remand, "she has made remand necessary by filing a defective transcript." *Id.* Observing that the delay occasioned by the need for remand was prejudicial to the claimant, and that if the transcript had been

adequate in the first place, then the Court would have decided the case on or about the date of its decision to remand, the *Dandeneau* Court directed the Secretary to pay the claimant benefits beginning on the date of its opinion and continuing until the court issued a decision on the merits of Plaintiff's request for judicial review. *Id.*

In this case, Plaintiff was initially denied benefits in May, 1992. (D.I. 8, ¶5). On June 2, 1994, he filed his complaint in this Court. The Government filed its Motion to Remand on August 12, 1994. (D.I. 7). In light of the Government's Motion to Remand, Plaintiff requests interim benefits because the "problem in transcribing the record is a problem which could impact the client's further review to this Court for at least two (2) years, considering the normal pace of scheduling Administrative Law Judge hearings and appeals." (D.I. 8, ¶8).

The Court observes that, unlike the records in *Davila, Mason–Page, Weiser,* and *Cohen,* the record before this Court does not appear to contain, nor has Plaintiff offered, any evidence of "egregious" or "outrageous" delay by the Secretary.[2] Once the proceedings in this Court were initiated, the Secretary filed its Motion for Remand promptly within 60 days of being served with a copy of the complaint. Thus, it appears to the Court that the circumstances of this case differ from those that gave rise to an award of benefits in the above-mentioned cases.

Accordingly, even if this Court did have the authority to award interim benefits to claimants in some cases, the circumstances of this case would not justify such an award. Although the Court is mindful of the fact that Plaintiff will be subjected to additional delay attributable to the Secretary as a result of the inadequate transcript, and notwithstanding *Dandeneau,* the Court is unable to conclude on the facts of this record that the conduct of the Secretary here is so unreasonable, egregious or outrageous as would justify an award of interim benefits. In addition, unlike *Davila* and *Weiser,* the scant record before the Court does not contain a "significant amount of evidence suggesting that

plaintiff is in fact disabled." *See Weiser,* 645 F.Supp. at 604. Moreover, the Secretary has agreed to request expedited treatment of Plaintiff's case on remand.

### CONCLUSION

For all of the reasons stated herein, the Court will remand this case to the Secretary with a request for an expedited hearing. Plaintiff's request for interim benefits will be denied.

---

**2.** In this regard, the Court does not believe that the two-year period between the initial denial of

benefits and the filing of suit in this Court constitutes egregious delay.