**Theresa WASHINGTON, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. CIV.A.H–02–1928.**

United States District Court, S.D. Texas, Houston Division.

Nov. 20, 2002.

William L Fouche, Jr, Attorney at Law, Dallas, TX, Carl M Weisbrod, Morgan & Weisbrod, Dallas, TX, for Theresa Washington, plaintiff.

Kim Elizabeth Garcia, Social Security Administration, Office of the General Counsel, Dallas, TX, for Jo Anne B Barnhart, Commissioner of The Social Security Administration, defendant.

## ORDER OF REMAND

HOYT, District Judge.

The Court has reviewed the unopposed Motion for Remand [Doc. # 12] sought by Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Commissioner"), in which she requests, pursuant to "sentence six" of the Social Security Act, return of Plaintiff Theresa Washington's case to the agency in order to locate a tape of the hearing before the Office of Hearings and Appeals. Further, the Court has reviewed the Memorandum and Recommendations [Doc. # 13] suggesting the remand be allowed as the Commissioner has not yet filed an Answer to Washington's Complaint good cause exists for failing to incorporate the transcript of the hearing into the administrative record, and finds the Memorandum

and Recommendations [Doc. # 13] to be well-founded. It is, therefore,

**ORDERED** that the Memorandum and Recommendations are adopted and incorporated in this Order of Remand; Further, it is

**ORDERED** that the Commissioner's unopposed Motion for Remand [Doc. # 12] is **GRANTED** and this matter is **REMANDED**, pursuant to "sentence six" of the Social Security Act, to the Commissioner to locate the tape of the administrative proceeding and transcribe it for inclusion in the record; Additionally, it is

**ORDERED** that the Court retains jurisdiction of this matter and that the within thirty-five (35) days following entry of this Order of Remand, the Commissioner is to file her response to Plaintiff's Complaint, which is to include the complete transcript of the administrative record, or the Commissioner shall file a Motion for "sentence four" Remand to convene a supplemental administrative hearing, if necessary.

The Clerk of Court shall file this Order of Remand and provide the parties with a true copy.

## MEMORANDUM AND RECOMMENDATIONS

BOTLEY, United States Magistrate Judge.

■ Pending before the Court is the unopposed Motion for Remand Pursuant to Sentence Six of the Social Security Act (Entry # 12) sought by Defendant Jo Anne Barnhart, Commissioner ("Commissioner") of the Social Security Administration. On October 15, 2002, the Commissioner was ordered, in response to her third request for an Enlargement of Time (Entry # 10) in which to file a response to Plaintiff Theresa Washington's ("Washington") Complaint, to file her response to Plaintiff's Complaint by November 10, 2002. Now, the Commissioner asserts

that she is still unable to locate a tape of the hearing held before Office of Hearings and Appeals on December 3, 1998, and accordingly, requires thirty (30) days to locate the tape and provide a response to Washington's Complaint. The Commissioner maintains that her inability to produce a tape of the oral hearing, presents the good cause, required by 42 U.S.C. § 405(g), that allows the remand of this matter, in those instances in which there is a failure to incorporate new and material evidence into the record in a prior proceeding.

The Commissioner has the burden, pursuant to 42 U.S.C. § 405(g), to provide a "certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." *42 U.S.C. 405(g)*. The Commissioner is unable to submit a complete record of the administrative proceedings at issue in this matter, without a transcription of the tape of the hearing before the Office of Hearings and Appeals. A representative of the Commissioner attests that they have searched for the hearing tape and requested a copy of the tape from Washington's counsel, but have been unable, thus far, to locate the tape. See *Declaration* attached to Commissioner's Motion for Remand (Entry # 12).

■ There are instances in which the Commissioner's procedural difficulties inhibiting her ability to reconstruct and submit a full and complete record of the administrative proceedings, will present the good cause allowing remand to permit the Commissioner to take the appropriate steps to produce the record. See *Taylor v. Heckler*, 769 F.2d 201, 202 (4th Cir. 1985); see also *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir.1986). A sentence six remand in this instance is, therefore, proper, as the Court will retain jurisdiction over the matter, in the event the Commis-

sioner locates the tape within the time requested and will also prove the least dilatory resolution of the Commissioner's situation. In this way, if the tape is located, the Court may then proceed to review and dispose of the case without further delay and attendant harm to the parties. If, however, the Commissioner fails to locate the tape within the time required, she may at that time seek a sentence four remand, allowing her to conduct further hearings, if necessary. It is, therefore,

**RECOMMENDED** that the Commissioner's Motion for Remand (Entry # 12) be **GRANTED.** Further, it is

**RECOMMENDED** that this matter be remanded to the Social Security Administration, pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), to allow the agency to further search for the tape of the hearing held before the Office of Hearings and Appeals. Finally, it is

**RECOMMENDED** that the Court retain jurisdiction of this matter and that the Commissioner be directed to file, within thirty-five (35) days following entry of the Order allowing remand, either the Commissioner's response to Plaintiff's Complaint, including a complete transcript of the administrative record, or a Motion for Remand Pursuant to Sentence Four seeking to hold immediate supplemental administrative hearing, if necessary.

The Clerk of Court shall file this Memorandum and Recommendations and provide the parties a true copy.

Nov. 15, 2002.